UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Case Number: 1:08-CV-0854

| | | |
|---|---|---|
| DUKE UNIVERSITY AND DUKE UNIVERSITY HEALTH SYSTEM, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED EDUCATORS INSURANCE, A RECIPROCAL RISK RETENTION GROUP, | ) ) ) ) | |
| Third-Party Defendant. | ) ) ) | |

DUKE UNIVERSITY et al v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA     Doc. 8

Defendant and Third-Party Plaintiff National Union Fire Insurance

Company of Pittsburgh, Pa. (hereinafter "National Union"), responding to the Complaint

of Plaintiffs Duke University ("Duke") and Duke University Health System, Inc.

("DUHS"), alleges and says as follows:

## ANSWER

1.  In response to the allegations of Paragraph 1 of the Complaint, it is

admitted that certain claims and lawsuits have been brought against Duke and certain of

its directors, officers, and employees or agents by various individuals associated with the

Duke University 2005-2006 Men's Lacrosse Team (hereinafter "the Underlying Claims"). Except as specifically admitted herein, the remaining allegations of Paragraph 1 of the Complaint are denied.

      2.     The allegations of Paragraph 2 of the Complaint are denied.

      3.     In response to the allegations of Paragraph 3 of the Complaint, it is admitted that the Third and Fourth Claims for Relief in the Complaint each seek a declaratory judgment presumably pursuant to 28 U.S.C. § 2201, *et seq*. Except as specifically admitted, the remaining allegations of Paragraph 3 of the Complaint are denied.

      4.     The allegations of Paragraph 4 of the Complaint are denied.

      5.     The allegations of Paragraph 5 of the Complaint are denied.

      6.     The allegations of Paragraph 6 of the Complaint do not contemplate a response. In the event a response is necessary, the allegations of Paragraph 6 of the Complaint, and Plaintiffs' alleged entitlement to the remedies requested therein, are denied.

      7.     The allegations of Paragraph 7 of the Complaint are admitted.

      8.     In response to the allegations of Paragraph 8 of the Complaint, it is admitted that DUHS was listed as an "Affiliate" on Endorsement #12 to policies of insurance issued by National Union to Duke for the policy periods December 4, 2005 to December 4, 2006, and December 4, 2006 and December 4, 2007, respectively. It is further admitted that DUHS is a non-profit corporation organized under the State of North Carolina, with a principal place of business in Durham County, North Carolina.

Except as specifically admitted herein, the remaining allegations of Paragraph 8 of the Complaint are denied.

9.     The allegations of Paragraph 9 of the Complaint are admitted.

10.     In response to the allegations of Paragraph 10 of the Complaint, it is admitted that National Union was duly authorized to issue policies of insurance in the State of North Carolina from December 4, 2005 until the present.

11.     In response to the allegations of Paragraph 11 of the Complaint, it is admitted that Duke and DUHS each seek from National Union an amount in excess of $75,000.00. It is further admitted that the Plaintiffs and Defendant are diverse.

12.     The allegations of Paragraph 12 of the Complaint state legal conclusions to which no response is required. In the event a response is necessary, it is admitted that Venue for this action is proper in the Middle District of North Carolina.

13.     In response to the allegations of Paragraph 13 of the Complaint, it is admitted that National Union issued to Duke a policy of insurance for the policy period December 4, 2005 to December 4, 2006, bearing policy number 625-03-42 ("the 2006 Policy"), and a policy of insurance for the policy period December 4, 2006 to December 4, 2007, bearing policy number 965-76-25 ("the 2007 Policy")(hereinafter the 2006 Policy and the 2007 Policy referred to collectively as "the Policies"). It is further admitted that as to the insureds under the policies, and the applicable coverages available, the Policies speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 13 of the Complaint are denied.

14.     In response to the allegations of Paragraph 14 of the Complaint, it is admitted that National Union issued to Duke the 2006 Policy, and that as to the

3

contents and coverages provided, the 2006 Policy speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 14 of the Complaint are denied.

15.     In response to the allegations of Paragraph 15 of the Complaint, it is admitted that National Union issued to Duke the 2007 Policy, and that as to the contents and coverages provided, the 2007 Policy speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 15 of the Complaint are denied.

16.     In response to the allegations of Paragraph 16 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 16 of the Complaint are denied.

17.     In response to the allegations of Paragraph 17 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 17 of the Complaint are denied.

18.     In response to the allegations of Paragraph 18 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 18 of the Complaint are denied.

19.     In response to the allegations of Paragraph 19 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 19 of the Complaint are denied.

20.     In response to the allegations of Paragraph 20 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 20 of the Complaint are denied.

21.     In response to the allegations of Paragraph 21 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 21 of the Complaint are denied.

22.     The allegations of Paragraph 22 of the Complaint are admitted.

23.     In response to the allegations of Paragraph 23 of the Complaint, it is admitted, upon information and belief, that at some point, three members of the Duke Lacrosse team who were indicted with criminal charges (hereinafter "the Duke Three") apparently informed Duke that they intended to bring a legal action against Duke. National Union lacks sufficient information or knowledge to form a belief as to when the Duke Three advised Duke that they intended to bring a legal action against Duke; therefore, this allegation is denied. All remaining allegations of Paragraph 23 of the Complaint are denied.

24.     In response to the allegations of Paragraph 24 of the Complaint, it is admitted that in December 2007, Duke notified National Union that, Lawrence Lamade and Jerry Crotty, in February of 2007 verbally requested that Pam Bernard, the general counsel for Duke, agree to waive the statute of limitations with respect to any potential lawsuits that their children may ultimately bring against Duke. Except as specifically admitted herein, the allegations of Paragraph 24 of the Complaint are denied.

25.     The allegations of Paragraph 25 of the Complaint are admitted.

26.     Although National Union has never received a copy of the settlement agreement, the allegations of Paragraph 26 of the Complaint are admitted, upon information and belief.

27.     In response to the allegations of Paragraph 27 of the Complaint, it is admitted that, upon information and belief, Duke was advised that members of the 2005-2006 Men's Lacrosse team intended to file suit against Duke. National Union lacks sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 27 of the Complaint; therefore, these allegations are denied.

28.     In response to the allegations of Paragraph 28 of the Complaint, it is admitted that forty-one (41) members of the 2005-2006 Duke Men's Lacrosse team and certain of their parents filed suit against Duke. National Union lacks sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 28 of the Complaint; therefore, these allegations are denied.

29.     The allegations of Paragraph 29 of the Complaint are admitted.

30.     The allegations of Paragraph 30 of the Complaint are admitted.

31.     The allegations of Paragraph 31 of the Complaint are admitted.

32.     The allegations of Paragraph 32 of the Complaint are admitted.

33.     National Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint; therefore, these allegations are denied.

34.     The allegations of Paragraph 34 of the Complaint are admitted.

35. In response to the allegations of Paragraph 35 of the Complaint, it is admitted that on March 30, 2006, Duke faxed a letter and attached articles to National Union. A true copy of the articles sent by Duke on March 30, 2006, to National Union is attached hereto as Exhibit A. Except as specifically admitted herein, the allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. In response to the allegations of Paragraph 39 of the Complaint, it is admitted as follows:

    a. On February 6, 2008, National Union, through AIG Domestic Claims, Inc., issued to Duke a letter, and that a redacted copy of that letter is attached hereto as Exhibit B. It is further admitted that the February 6, 2008, letter is the best evidence of its contents, and that the contents of the February 6, 2008 letter speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 39a. are denied;

    b. On April 23, 2008, National Union, through AIG Domestic Claims Inc., issued to Duke a letter, and that a redacted copy of that letter is attached hereto as Exhibit C. It is further admitted that the April 23, 2008, letter is the best evidence of its contents, and that the contents of the April

23, 2008 letter speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 39b. are denied;

c. On April 8, 2008, National Union, through AIG Domestic Claims Inc., issued to Duke a letter, and that a redacted copy of that letter is attached hereto as Exhibit D. It is further admitted that the April 8, 2008, letter is the best evidence of its contents, and that the contents of the April 8, 2008 letter speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 39c. are denied;

d. On June 20, 2008, National Union, through AIG Domestic Claims Inc., issued to Duke a letter, and that a redacted copy of that letter is attached hereto as Exhibit E. It is further admitted that the June 20, 2008, letter is the best evidence of its contents, and that the contents of the June 20, 2008 letter speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 39d. are denied;

40. In response to the allegations of Paragraph 40 of the Complaint, it is admitted that on April 23, 2008, National Union sent a letter to Duke, and that a redacted copy of the April 23, 2008 letter is attached hereto as Exhibit C. It is further admitted that the April 23, 2008 letter is the best evidence of its contents, and that the

contents of the April 23, 2008 letter speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 40 of the Complaint are denied.

41.     The allegations of Paragraph 41 of the Complaint are denied.

42.     In response to the allegations of Paragraph 42 of the Complaint, National Union acknowledges that the following actions have been filed - *McFadyen, et al. v. Duke University, et al*, No. 1:07-CV-953 (M.D.N.C.) ("the *McFadyen* Action"); *Carrington, et al. v. Duke University, et al.*, No. 1:08-CV-119 (M.D.N.C.) ("the *Carrington* Action"); *Pressler v. Duke University, et al.*, Durham Superior Court, 07 CVS 5223 ("the *Pressler I* Action"); and *Pressler v. Duke University, et al.*, Durham Superior Court, 08 CVS 1311 (the "*Pressler II* Action"). (the *McFadyen* Action, the *Carrington* Action, the *Pressler I* Action, and the *Pressler II* Action shall be collectively referred to as "the Underlying Actions"). National Union further admits that it has acknowledged potential coverage, under a complete and full reservation of rights, for the *McFadyen*, *Carrington*, and *Pressler II* actions under the 2006 Policy. It is further admitted that National has not paid and has no obligation to pay any monies regarding the Duke Three matter because that matter was settled by Duke without National Union's written consent and National Union was not allowed to effectively associate in the defense and the negotiation of the Duke Three matter. Except as specifically admitted herein, the allegations of Paragraph 42 of the Complaint are denied.

43.     In response to Paragraph 43 of the Complaint, National Union hereby incorporates and realleges its responses to the allegation contained in Paragraphs 1 through 42 of the Complaint.

44.     In response to the allegations of Paragraph 44 of the Complaint, it is admitted that National Union issued the 2006 Policy and the 2007 Policy to Duke. It is further admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the remaining allegations of Paragraph 44 of the Complaint are denied.

45.     The allegations of Paragraph 45 of the Complaint state a legal conclusion to which no response is necessary. In the event a response is required, it is admitted that it is the law of the State of North Carolina that an insurer's duty to defend under certain "duty to defend" insurance policies may be broader than its duty to indemnify its insured. Except as specifically admitted herein, the allegations of Paragraph 45 of the Complaint are denied.

46.     The allegations of Paragraph 46 of the Complaint state a legal conclusion to which no response is required. In the event a response is necessary, the allegations of Paragraph 46 of the Complaint are denied.

47.     In response to the allegations of Paragraph 47 of the Complaint, it is admitted that the Policies have applicable retentions and limits of liability. Except as specifically admitted herein, the allegations of Paragraph 47 of the Complaint are denied.

48.     In response to the allegations of Paragraph 48 of the Complaint, it is admitted that National Union has acknowledged potential coverage subject to a full reservation of rights for the *McFadyen*, *Carrington*, and *Pressler II* claims under the 2006 Policy. Except as specifically admitted herein, the allegations of Paragraph 48 of the Complaint are denied.

49.     The allegations of Paragraph 49 of the Complaint are denied.

50.     The allegations of Paragraph 50 of the Complaint are denied.

51.     In response to the allegations of Paragraph 51 of the Complaint, it is admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 51 of the Complaint are denied.

52.     In response to the allegations of Paragraph 52 of the Complaint, it is admitted that complaints in the Underlying Actions set forth some allegations which may be construed as a "Wrongful Acts" under the 2006 Policy. Except as specifically admitted herein, the allegations of Paragraph 52 of the Complaint are denied.

53.     The allegations of Paragraph 53 of the Complaint are denied.

54.     The allegations of Paragraph 54 of the Complaint are denied.

55.     National Union lacks sufficient information or knowledge to form a belief as to the allegations of Paragraph 55 of the Complaint; therefore, these allegations are denied.

56.     The allegations of Paragraph 56 of the Complaint are denied.

57.     The allegations of Paragraph 57 of the Complaint are denied.

58.     The allegations of Paragraph 58 of the Complaint are denied.

59.     The allegations of Paragraph 59 of the Complaint are denied

60.     In response to Paragraph 60 of the Complaint, National Union hereby incorporates and realleges its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint.

61.     In response to the allegations of Paragraph 61 of the Complaint, it is admitted that National Union issued the 2006 Policy and the 2007 Policy to Duke. It is

further admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 61 of the Complaint are denied.

62. In response to the allegations of Paragraph 62 of the Complaint, it is admitted that National Union issued the 2006 Policy and the 2007 Policy to Duke. It is further admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

64. The allegations of Paragraph 64 of the Complaint are denied.

65. The allegations of Paragraph 65 of the Complaint are denied.

66. The allegations of Paragraph 66 of the Complaint are denied.

67. In response to the allegations of Paragraph 67 of the Complaint, it is admitted that National Union is not obligated to indemnify Duke for its settlement with the Duke Three and that, as a consequence, National Union has not volunteered to indemnify Duke for its settlement with the Duke Three. Inasmuch as National Union has never been provided with a copy of the settlement agreement, National Union lacks sufficient information or knowledge to form a belief as to whether Duke alone has paid the full settlement amount to the Duke Three; therefore, these allegations are denied. Except as specifically admitted herein, the allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

70.     The allegations of Paragraph 70 of the Complaint are denied.

71.     In response to Paragraph 71 of the Complaint, National Union hereby incorporates and realleges its responses to the allegations contained in Paragraphs 1 through 70 of the Complaint.

72.     The allegations of Paragraph 72 of the Complaint state a legal conclusion to which no response is required. In the event a response is necessary, the allegations of Paragraph 72 of the Complaint are denied.

73.     In response to Paragraph 73 of the Complaint, it is admitted that National Union may be obligated to advance defense costs under the 2006 Policy at some point prior to the disposition of the *McFadyen*, *Carrington*, or *Pressler II* pending actions and that National Union has already done so. Except as specifically admitted herein, the allegations of Paragraph 73 of the Complaint are denied.

74.     In response to the allegations of Paragraph 74 of the Complaint, it is admitted that National Union has acknowledged potential coverage for the *McFadyen*, *Carrington*, and *Pressler II* actions, subject to a full reservation of rights under the 2006 Policy. Except as specifically admitted herein, the allegations of Paragraph 74 of the Complaint are denied.

75.     In response to the allegations of Paragraph 75 of the Complaint, it is admitted that National Union has acknowledged potential coverage for the *McFadyen*, *Carrington*, and *Pressler II* actions, subject to a full reservation of rights under the 2006 Policy. Except as specifically admitted herein, the allegations of Paragraph 75 of the Complaint are denied.

76.     The allegations of Paragraph 76 of the Complaint are denied.

77. The allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are admitted.

80. In response to the allegations of Paragraph 80 of the Complaint, it is admitted that National Union has acknowledged potential coverage for the *McFadyen*, *Carrington*, and *Pressler II* actions, subject to a full reservation of rights under the 2006 Policy. Except as specifically admitted herein, the allegations of Paragraph 80 of the Complaint are denied.

81. The allegations of Paragraph 81 of the Complaint are denied.

82. The allegations of Paragraph 82 of the Complaint are admitted.

83. In response to Paragraph 83 of the Complaint, National Union hereby incorporates and realleges its responses to the allegations contained in Paragraphs 1 through 82 of the Complaint.

84. In response to the allegations of Paragraph 84 of the Complaint, it is admitted that National Union issued the 2006 Policy and the 2007 Policy to Duke. It is further admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 84 of the Complaint are denied.

85. In response to the allegations of Paragraph 85 of the Complaint, it is admitted that National Union issued the 2006 Policy and the 2007 Policy to Duke. It is further admitted that the Policies themselves are the best evidence of the contents therein, and that the contents speak for themselves. Except as specifically admitted herein, the allegations of Paragraph 85 of the Complaint are denied.

86. The allegations of Paragraph 86 of the Complaint are denied.

87. The allegations of Paragraph 87 of the Complaint are denied.

88. The allegations of Paragraph 88 of the Complaint are denied.

89. In response to the allegations of Paragraph 89 of the Complaint, it is admitted that National Union is not obligated to indemnify Duke for its settlement with the Duke Three, and that as a consequence, National Union has not volunteered to indemnify Duke for its settlement with the Duke Three. Inasmuch as National Union has never been provided with a copy of the settlement agreement, National Union lacks sufficient information or knowledge to form a belief as to whether Duke alone has paid the full settlement amount to the Duke Three; therefore, these allegations are denied. Except as specifically admitted herein, the allegations of Paragraph 89 of the Complaint are denied.

90. In response to the allegations of Paragraph 90, it is admitted that Duke and DUHS remain parties in the *McFadyen* and *Carrington* actions. It is further admitted that Duke remains a party in the *Pressler II* action. National Union lacks sufficient information and knowledge to form a belief as to the remaining allegations of Paragraph 90 of the Complaint; therefore, these allegations are denied.

91. The allegations of Paragraph 91 of the Complaint are admitted.

92. In response to Paragraph 92 of the Complaint, National Union hereby incorporates and realleges its responses to allegations contained in Paragraphs 1 through 91 of the Complaint.

93. The allegations of Paragraph 93 of the Complaint are denied.

94.     The allegations of Paragraph 94 of the Complaint, including subparts a. through d., are denied.

95.     The allegations of Paragraph 95 of the Complaint are denied.

96.     The allegations of Paragraph 96 of the Complaint are denied.

97.     The allegations of Paragraph 97 of the Complaint are denied.

98.     The allegations of Paragraph 98 of the Complaint are denied.

99.     The allegations of Paragraph 99 of the Complaint are denied.

100.    The allegations of Paragraph 100 of the Complaint are denied.

101.    The allegations of Paragraph 101 of the Complaint are denied.

102.    In response to Paragraph 102 of the Complaint, National Union hereby incorporates and realleges its responses to the allegations contained in Paragraphs 1 through 101 of the Complaint.

103.    The allegations of Paragraph 103 of the Complaint, including subparts a. through j., are denied.

104.    All allegations of the Complaint not specifically admitted or addressed herein are denied.

### FIRST AFFIRMATIVE DEFENSE

The claims set forth in the *McFadyen*, *Carrington*, *Pressler I*, and *Pressler II* actions (collectively "the Actions") arise out of circumstances reported to National Union by letter dated March 30, 2006, and as such, each of the Actions falls solely under the provisions of the 2006 Policy. The 2007 Policy does not apply to any of the Actions.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage for the Actions under the 2007 Policy are precluded by Exclusion 4(c) of the 2007 Policy which provides that National Union shall not be liable to make any payment for Loss in connection with a Claim alleging or arising out of any circumstances of which notice has been given under a prior policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage of legal fees pre-dating December 3, 2007, are barred by the Plaintiffs' failure to first obtain National Union's consent to incur such costs as provided by Section 8 of the 2006 Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims regarding the Duke Three settlement are barred because the Plaintiffs chose to enter into a settlement agreement without National Union's prior written consent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims regarding the Duke Three settlement are barred because Plaintiffs refused to allow National Union to effectively associate in the defense and negotiation of the settlement.

## SIXTH AFFIRMATIVE DEFENSE

DUHS' claims for coverage under the 2006 Policy are barred by Exclusion 4(o), as modified by Endorsement #4.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage under the 2006 Policy are barred, in part, by Exclusion 4(b), as modified by Endorsement #19.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage under the 2006 Policy are barred, in part, by Exclusion 4(h).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage under the 2006 Policy are barred, in part, by Exclusion 4(k), as modified by Endorsement #4.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for coverage under the Policies are barred, in whole or in part, by the definition of Loss which does not include "matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for legal fees are barred to the extent such costs were incurred for allegations not covered by the Policies and to the extent such costs were incurred for the defense of persons and entities who were not Insureds as defined in the Policies.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred, in whole or in part, by the application of the conditions, terms, exclusions and provisions of the Polices that are placed at issue herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred, in whole or in part, by the Plaintiffs failure to take reasonable steps to mitigate their claimed, yet specifically denied, damages. Defendant therefore relies upon the doctrine of avoidable consequences and/or failure to mitigate damages as a bar, in whole or in part, to the claims asserted against it.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of their own conduct by failing to advise and/or properly notify Defendant in accordance with the 2006 Policy of the allegations set forth by the Duke Three and/or Plaintiffs' settlement with the Duke Three. Defendant therefore pleads the Plaintiffs' own assumption of the risk as a bar to the allegations asserted against Defendant in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any coverage afforded by the Policies is subject to retentions, limits of liability, and other terms and conditions as set forth in the Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant did not act in bad faith and Plaintiffs' punitive and any other damage claims should be barred by Defendant's respective good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments to the Constitution of the Untied States in numerous ways, including:

> (a) Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments because such

damages may be imposed based upon the burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

(b) Plaintiffs' claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

(i) the standard for determining whether punitive damages should be imposed against a Defendant is void for vagueness;

(ii) there is, and was at the time of the alleged wrongful conduct, a lack of objective guidelines on which a fact finder might base its award and further, the guidelines which existed were arbitrary and void for vagueness;

(iii) insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be

awarded is indeterminate at the time of the
alleged wrongful conduct;

(iv)    evidence of the net worth of Defendant is
admissible, and a jury is encouraged to award
punitive damages based upon the affluence of a
given Defendant or to award a substantial amount
against one Defendant based on the financial status
of another Defendant;

(v)    the tests or standards for the imposition of
punitive damages differ from State to State,
such that a specific act or omission of a
given Defendant may or may not result in
the imposition of punitive damages, or may
result in differing amounts of punitive
damages, depending upon the State in which
suit is filed, such that the Defendant is
denied equal protection of the law;

(vi)    There is no effective method for conducting
a meaningful post-trial review of any award
of punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any facts which would support a claim for
punitive damages against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' claims fail to fall under the terms of the applicable insuring agreements in the Policies necessary to invoke coverage.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred based upon the provisions in Section 17 of the Policies which mandate that as a condition precedent for an action by either of the Plaintiffs against Defendant "the amount of the insureds' obligation to pay shall have been finally determined either by judgment against the Insureds after actual trial or by written agreement of the Insureds, the claimant and the Insurer." This condition precedent has not been satisfied and is pled in bar of Plaintiffs' claims in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' allegations with respect to its settlement with the Three Duke Students (David Evans, Collin Finnerty, and Reade Seligmann), as identified in Paragraphs 22 through 26 of the Complaint, have been waived and are barred because a "Claim" as defined in the Policies was never asserted and was never reported by either of the Plaintiffs to Defendant. Plaintiffs settled with the Three Duke Students without ever notifying Defendant prior to the settlement and, upon information and belief, without ever even receiving a written claim by or on behalf of any of the Three Duke Students.