IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:08-CV-0854

| | | |
|---|---|---|
| DUKE UNIVERSITY and DUKE UNIVERSITY HEALTH SYSTEM, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ANSWER TO COUNTERCLAIM** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED EDUCATORS INSURANCE, A RECIPROCAL RISK RETENTION GROUP, | ) ) ) ) | |
| Third-Party Defendant. | ) | |

Plaintiffs Duke University ("Duke") and Duke University Health System, Inc. ("DUHS") (collectively, "Plaintiffs and Counterclaim Defendants"), by and through their attorneys, hereby reply to the Counterclaim of Defendant and Counter-Claimant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), as follows:

US2008 562587.3

## FIRST DEFENSE

National Union's Fifth alleged "Claim for Relief" for Attorneys' Fees fails to state facts sufficient to constitute a claim upon which relief may be granted and therefore should be dismissed.

## SECOND DEFENSE

National Union is not entitled to any of the relief it seeks in its Counterclaim.

## THIRD DEFENSE

For its answer to the specific allegations of the Counterclaim, Plaintiffs and Counterclaim Defendants state the following:

1. As to Paragraph 1 of National Union's Counterclaim, Plaintiffs and Counterclaim Defendants are informed and believe, and on that basis admit, that National Union is a foreign liability insurer, operating in the State of North Carolina pursuant to a certificate of authorization issued by the North Carolina Department of Insurance.

2. The allegations contained in Paragraph 2 of National Union's Counterclaim are admitted.

3. The allegations contained in Paragraph 3 of National Union's Counterclaim are admitted.

4. Plaintiffs and Counterclaim Defendants admit that National Union issued to Duke a Not-For-Profit Individual and Organization Insurance Policy, bearing policy number 625-03-42 (the "2006 Policy") and that it appears that Exhibit F to the

Counterclaim is a true and accurate copy of the 2006 Policy. Except as expressly admitted, the allegations of Paragraph 4 are denied.

5. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 5 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 5 are denied.

6. The allegations contained in Paragraph 6 of National Union's Counterclaim are admitted.

7. Plaintiffs and Counterclaim Defendants admit that on March 30, 2006, Duke mailed a letter to National Union (the "March 30, 2006 Letter") and that certain articles were enclosed with the letter. Plaintiffs and Counterclaim Defendants admit that the March 30, 2006 Letter and enclosures are the best evidence of their contents and that it appears that Exhibit A to the Counterclaim is a true and accurate copy of the articles enclosed in the March 30, 2006 Letter. Exhibit A, however, does not contain a copy of the March 30, 2006 Letter. To the extent the allegations in Paragraph 7 are inconsistent with the March 30, 2006 Letter and its enclosures, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 7 are denied.

8. Plaintiffs and Counterclaim Defendants admit that on or about April 19, 2007, Duke sent correspondence to National Union and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 8 are inconsistent with the

3

letter, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 8 are denied.

9. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated April 23, 2007. Plaintiffs and Counterclaim Defendants also admit that the April 23, 2007 letter is the best evidence of its contents. To the extent the allegations in Paragraph 9 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 9 are denied.

10. Plaintiffs and Counterclaim Defendants admit that on or about June 18, 2007, representatives of Duke first advised National Union of the settlement entered into between Duke and David Evans, Collin Finnerty, and Reade Seligmann (the "Duke Three"). Plaintiffs and Counterclaim Defendants also admit that on June 18, 2007, Duke issued a statement and that the statement is the best evidence of its contents. To the extent the allegations in Paragraph 10 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 10 are denied.

11. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union following Duke's settlement with the Duke Three. Plaintiffs and Counterclaim Defendants also admit that the correspondence is the best evidence of its contents. To the extent the allegations in Paragraph 11 are inconsistent

4

with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 11 are denied.

12. Plaintiffs and Counterclaim Defendants admit that there are confidentiality provisions in the settlement agreement between Duke and the Duke Three and that Duke has abided by the terms of the settlement agreement. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. Plaintiffs and Counterclaim Defendants admit that Duke apprised National Union of discussions between Duke and certain of the unindicted members of the Lacrosse Team about potential claims the unindicted players had threatened against Duke. Plaintiffs and Counterclaim Defendants admit that they were not aware of any written demands for monetary relief from the unindicted players prior to August 2007. Except as expressly admitted, the allegations of Paragraph 13 are denied.

14. Plaintiffs and Counterclaim Defendants admit that on or about August 2007, Duke apprised National Union of discussions between Duke and Robert Ekstrand, an attorney for three of the unindicted members of the Lacrosse Team and their families. Except as expressly admitted, the allegations of Paragraph 14 are denied.

15. Plaintiffs and Counterclaim Defendants admit that on September 24, 2007, attorneys for Duke met with attorneys for certain of the unindicted members of the Lacrosse Team. Plaintiffs and Counterclaim Defendants also admit that on October 1, 2007, Duke mailed a letter to National Union, that the letter apprised National Union of the September 24, 2007 meeting, and that the letter is the best evidence of its contents.

5

To the extent the allegations in Paragraph 15 are inconsistent with the letter, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 15 are denied.

16. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated October 2, 2007 and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 16 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 16 are denied.

17. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated October 16, 2007 and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 17 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 17 are denied.

18. Plaintiffs and Counterclaim Defendants admit that on December 3, 2007, Duke sent correspondence to National Union reiterating that certain claims had been made against Duke and that Duke had previously reported those claims to National Union. One of the claims that Duke reiterated to National Union was a February 2007 request from parents of two of the unindicted members of the Lacrosse team requesting that Duke consider tolling or waiving the statute of limitations so that discussions could continue. Except as expressly admitted, the allegations of Paragraph 18 are denied.

19. Plaintiffs and Counterclaim Defendants admit that Duke received

US2008 562587.3

correspondence from National Union dated December 3, 2007 and that the correspondence is the best evidence of its contents. To the extent the allegations in Paragraph 19 are inconsistent with the document, those allegations are denied. Plaintiffs and Counterclaim Defendants expressly deny that Duke's December 3, 2007 letter to National Union was National Union's first notice of the request for tolling or waiving the statute of limitations. Except as expressly admitted, the allegations of Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 of National Union's Counterclaim are admitted.

21. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated February 6, 2008 (the "February 6, 2008 National Union Letter"), that a redacted copy of the letter is attached as Exhibit B to National Union's Counterclaim, and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 21 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 21 are denied.

22. Plaintiffs and Counterclaim Defendants admit that Duke received the February 6, 2008 National Union Letter and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 22 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 of National Union's Counterclaim are admitted.

24. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated April 23, 2008 and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 42 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 of National Union's Counterclaim are admitted.

26. It is admitted that in January of 2008, the *Pressler* I Action was voluntarily dismissed and a new action was filed in Durham County Superior Court styled *Pressler v. Duke University, et al.*, bearing file number 08 CVS 1311 ("*Pressler II* Action"). It is also admitted that the complaint in the *Pressler II* Action is the best evidence of the claims made in the action. To the extent the allegations in Paragraph 26 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 26 are denied.

27. Plaintiffs and Counterclaim Defendants admit that Duke received correspondence from National Union dated April 8, 2008, that a redacted copy of the letter is attached as Exhibit D to National Union's Counterclaim, and that the letter is the best evidence of its contents. To the extent the allegations in Paragraph 27 are inconsistent with the document, those allegations are denied. Except as expressly

admitted, the allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 of National Union's Counterclaim form a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in the Underlying Actions speak for themselves. Except as expressly admitted, the allegations of Paragraph 28 are denied.

29. Plaintiffs and Counterclaim Defendants admit that the plaintiffs' allegations in the *McFadyen* and *Carrington* Actions are contained in the complaints filed in those actions and that the complaints are the best evidence of their contents. To the extent the allegations in Paragraph 29 are inconsistent with those documents, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 of National Union's Counterclaim are denied.

31. Plaintiffs and Counterclaim Defendants admit that Plaintiffs and Counterclaim Defendants have provided copies of the bills for defense costs in the Underlying Actions to National Union. Except as expressly admitted, the allegations of Paragraph 31 are denied.

32. Plaintiffs and Counterclaim Defendants admit that National Union's denial of coverage for the Underlying Claims was willful, wanton, malicious, without justification or excuse, and taken in bad faith to further National Union's own improper objectives and with the conscious intent to injure Duke and DUHS. Plaintiffs and Counterclaim Defendants also admit that only after they filed the Complaint in this

9

matter, did National Union pay them $5,000,000, purportedly pursuant to a full, mutual reservation of rights. Except as expressly admitted, the allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 form a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 33 are denied.

## FIRST COUNTERCLAIM FOR RELIEF
**(Applicability of 2007 Policy)**

34. Plaintiffs and Counterclaim Defendants incorporate by reference and as if set forth fully herein their responses to the preceding paragraphs of National Union's Counterclaim.

35. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 35 are inconsistent with that document, those allegations are denied. The remaining allegations of Paragraph 35 form a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

36. Plaintiffs and Counterclaim Defendants admit that the March 30, 2006 Letter is the best evidence of its contents. To the extent the allegations in paragraph 36 are inconsistent with that document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 36 are denied.

37. Plaintiffs and Counterclaim Defendants admit that the March 30, 2006 Letter is the best evidence of its contents. To the extent the allegations of paragraph 37

are inconsistent with that document, those allegations are denied. Except as expressly admitted, the allegations of paragraph 37 are denied.

38. Plaintiffs and Counterclaim Defendants admit that National Union acknowledged potential coverage before this action was filed, and only after this Complaint was filed, paid Duke $5,000,000, purportedly subject to a full, mutual reservation of rights. Except as expressly admitted, the allegations of paragraph 38 are denied.

39. Plaintiffs and Counterclaim Defendants admit that National Union issued to Duke a Not-For-Profit Individual and Organization Insurance Policy, bearing policy number 965-76-25 (the "2007 Policy") and that it appears that Exhibit G to the Counterclaim is a true and accurate copy of the 2007 Policy. Except as expressly admitted, the allegations of Paragraph 39 are denied.

40. Plaintiffs and Counterclaim Defendants admit that the policy term for the 2007 Policy is December 4, 2006 to December 4, 2007 and that the 2007 Policy is the best evidence of its contents. To the extent the allegations in paragraph 40 are inconsistent with that document, those allegations are denied. The remaining allegations of Paragraph 40 form a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. Except as expressly admitted, the allegations of Paragraph 40 are denied.

41. Plaintiffs and Counterclaim Defendants admit that the 2007 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 41 are

11

inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 41 are denied.

42. Plaintiffs and Counterclaim Defendants admit that the 2007 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 42 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 form a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. Except as expressly admitted, the allegations of Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 of National Union's Complaint, including each of its subparts a-c, are denied.

### SECOND COUNTERCLAIM FOR RELIEF
(Settlement with the Duke Three)

45. Plaintiffs and Counterclaim Defendants incorporate by reference and as if set forth fully herein their responses to the preceding paragraphs of National Union's Counterclaim.

46. The allegations contained in Paragraph 46 of National Union's Complaint are admitted, and Plaintiff admits that no consent was required as National Union had refused to accept coverage.

47. It is admitted that National Union did not provide Duke with written consent to enter into a settlement with the Duke Three or the attorneys of the Duke Three. It is also admitted that written consent was not required under the Policy. Except as

US2008 562587.3

expressly admitted, the allegations of Paragraph 47 are denied.

48. It is admitted that Duke has not provided National Union with a copy of the confidential settlement agreement with the Duke Three in accordance with the confidentiality terms of that agreement. Except as expressly admitted, the allegations of Paragraph 48 are denied.

49. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 49 are inconsistent with the document, those allegations are denied. The allegations of Paragraph 49 form a legal conclusion to which no response is required. To the extent a response is required, except as expressly admitted, the allegations of Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 of National Union's Complaint are denied.

### THIRD COUNTERCLAIM FOR RELIEF
**(Defense Costs incurred prior to December 3, 2007)**

51. Plaintiffs and Counterclaim Defendants incorporate by reference and as if set forth fully herein their responses to the preceding paragraphs of National Union's Counterclaim.

52. The allegations of Paragraph 52 form a legal conclusion to which no response is required. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 52 are inconsistent with the document, those allegations are denied. Except as expressly

13

admitted, the allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 form a legal conclusion to which no response is required. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 53 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 of National Union's Complaint are denied.

55. Plaintiffs and Counterclaim Defendants admit that National Union wrongfully withheld written consent for the incursion of defense costs until on or about December 3, 2007. Except as expressly admitted, the allegations of Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 of National Union's Complaint are denied.

## FOURTH COUNTERCLAIM FOR RELIEF
### (Coverage for DUHS, Livicy, Manley, or Arico under the 2006 Policy)

57. Plaintiffs and Counterclaim Defendants incorporate by reference and as if set forth fully herein their responses to the preceding paragraphs of National Union's Counterclaim.

58. It is admitted that the complaints in the Player Actions are the best evidence of their contents. To the extent the allegations in Paragraph 58 are inconsistent with the complaints, those allegations are denied. Except as expressly admitted, the allegations of

US2008 562587.3

Paragraph 58 are denied.

59. It is admitted that the answers of DUHS, Arico, Manley and Levicy are the best evidence of their contents. To the extent the allegations in Paragraph 59 are inconsistent with the answers, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 59 are denied.

60. Plaintiffs and Counterclaim Defendants admit that the 2006 Policy is the best evidence of its contents. To the extent the allegations in Paragraph 60 are inconsistent with the document, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 60 are denied.

61. The Complaints in the Player Actions are the best evidence of their contents. The allegations of Paragraph 61 form a legal conclusion to which no response is otherwise required. To the extent a response is required, the allegations of Paragraph 61 are denied.

62. It is admitted that the answers of DUHS, Arico, Manley and Levicy are the best evidence of their contents. To the extent the allegations in Paragraph 62 are inconsistent with the answers, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 of National Union's Counterclaim are admitted only to the extent that DCC has issued a policy of insurance to DUHS, which policy speaks for itself. Plaintiffs and Counterclaim Defendants admit that DCC is a captive insurance company which is wholly-owned by Duke. Except as

15

US2008 562587.3

expressly admitted, the allegations of paragraph 63 are denied.

64. The allegations contained in Paragraph 64 of National Union's Counterclaim are denied.

### FIFTH COUNTERCLAIM FOR RELIEF
(Alleged Attorneys Fees)

65. Plaintiffs and Counterclaim Defendants incorporate by reference and as if set forth fully herein their responses to the preceding paragraphs of National Union's Counterclaim.

66. The allegations contained in Paragraph 66 of National Union's Complaint are denied.

67. The allegations contained in Paragraph 67 of National Union's Complaint are denied.

68. Except as expressly admitted, all allegations of the Complaint are denied.

WHEREFORE, Plaintiffs and Counterclaim Defendants respectfully pray that the Court:

1. Dismiss National Union's Counterclaim;

2. Enter an Order that National Union have and recover nothing from Plaintiffs and Counterclaim Defendants in this action;

3. Award Plaintiffs and Counterclaim Defendants their costs, expenses, attorneys' fees, and interest to the extent allowed by law;

4. Award costs of this action against National Union; and

US2008 562587.3

5. Award Plaintiffs and Counterclaim Defendants such other and further relief that this Court deems just and proper.

This the 12th day of February, 2009.

KILPATRICK STOCKTON LLP

/s/ Gregg E. McDougal

Gregg E. McDougal
N.C. State Bar No. 27290
gmcdougal@kilpatrickstockton.com
Betsy Cooke
N.C. State Bar No. 25353
bcooke@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
Phone (919) 420-1800
Fax (919) 420-1700

James J. Leonard
GA State Bar No. 446655
JLeonard@KilpatrickStockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Atlanta, GA 30309-4530
Phone: (404) 815-6286
Fax: (404) 541-3279

GILBERT OSHINSKY LLP
Jerold Oshinsky
oshinskyj@gotofirm.com
Jonathan M. Cohen
cohenj@gotofirm.com
Ariel E. Shapiro
shapiroa@gotofirm.com
1100 New York Ave, N.W., Suite 700
Washington, D.C. 20005
Phone (202) 772-2200
Fax (202) 772-3333

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court using the CM/ECF system which will automatically send notice to the following counsel of record:

>David S. Coats
>dcoats@bdixon.com
>Bailey & Dixon, LLP

This 12th day of February, 2009.

>/s/ Gregg E. McDougal
>Gregg E. McDougal

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue
Suite 400
Raleigh, NC 27612