IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No: 1:08-CV-0854

| | |
|---|---|
| DUKE UNIVERSITY; DUKE UNIVERSITY HEALTH SYSTEM, INC., </br></br>      Plaintiffs, </br></br>v. </br></br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., </br></br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED WITH DISCOVERY** |

Plaintiffs Duke University and Duke University Health System,. Inc. (collectively "Duke"), through counsel and pursuant to Federal Rule of Civil Procedure 26(d), hereby respectfully submits this Memorandum of Law in Support of its Motion to Proceed with Discovery.

## **NATURE OF THE MATTER BEFORE THE COURT**

Duke seeks an Order from the Court allowing the original parties to this action—Duke and Defendant National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union")—to commence the discovery process, despite the fact that a Third-Party Defendant's Motion to Dismiss is pending with the Court. Specifically, pursuant to Rule 26(d), Duke seeks an Order permitting Duke and National Union, the original

parties in this action, to begin to exchange discovery in advance of a formal Rule 26(f) conference.

Although Duke filed this lawsuit against National Union in November 2008—and although National Union's Answer has been on file for nearly eight months—no discovery in this action has yet taken place, nor has a Rule 26(f) conference been scheduled, presumably because Third-Party Defendant United Educators Insurance has filed a motion to dismiss the Third-Party Complaint filed by National Union. That motion has not yet been reached by this Court.

However, there is no pending motion to dismiss as between Duke and National Union, the original parties to this action. Indeed, regardless of the outcome of United Educators' pending motion, Duke and National Union will remain in the case and will move forward with evidentiary discovery under the Federal Rules. Thus, there is no risk of inefficiency or waste of judicial resources by allowing discovery between Duke and National Union to move forward at the present time, notwithstanding United Educators' pending motion.

Because good cause exists for the Court to grant reciprocal discovery between Duke and National Union, and because doing so will advance this litigation, Duke requests that this Court enter an Order, pursuant to Rule 26(d), allowing discovery to commence between Duke and National Union.

## STATEMENT OF THE FACTS

Duke filed a Complaint against its insurer, National Union, in November 2008, seeking the payment of defense and indemnity costs for a number of separate lawsuits brought against it by individuals associated with the Duke Men's Lacrosse Team (hereinafter "the Lacrosse cases"). Duke alleges that, under the plain language of the two National Union insurance policies at issue,[1] National Union is required to advance and reimburse all defense and indemnity costs incurred by Duke in the underlying Lacrosse cases. In addition, Duke's Complaint alleges claims against National Union for bad faith denial of insurance coverage and unfair and deceptive trade practices.

In January 2009, National Union filed an Answer and Counterclaims to Duke's Complaint. At the same time it filed its Answer and Counterclaims, National Union separately filed a Third-Party Complaint against insurer United Educators Insurance ("United Educators"), arguing that United Educators should be held liable to National Union on theories of equitable contribution and/or equitable subrogation. *Id.* at 37-43. In response to the Third-Party Complaint, in March 2009, United Educators filed a Motion to Dismiss the third-party claims brought against it, asserting that any claims arising out of the United Educators Policies must be pursued in binding arbitration, and, moreover,

---

[1] Two separate National Union policies are at issue in this dispute, and are collectively referred to as "the Policies." The first, a National Union I&O Policy covering the period December 2005 through December 2006, has an aggregate policy limit of $5 million (the "2006 Policy"). The second, a National Union I&O Policy covering the period December 2006 though December 2007, contains an aggregate policy limit of $10 million (the "2007 Policy").

3

that such claims are not yet ripe. *See generally* Dkt. 23. United Educators' Motion to Dismiss is currently pending before the Court.

Presumably because United Educators' Motion to Dismiss is still pending with the Court, the Clerk of Court has refrained from noticing the parties' initial pretrial conference pursuant to Local Rule 16.1(b). In addition, because of United Educators' pending motion, no Rule 26(f) conference has yet occurred between the parties, nor has any discovery been conducted to date.

However, an adjudication of United Educators' Motion to Dismiss will not have any effect on the underlying action between Duke and National Union. Regardless of whether United Educators' Motion is granted or denied, Duke's underlying claims against National Union based on the Policies—and National Union's counterclaim for declaratory relief in connection with those Policies—will proceed, and will be subject to the standard discovery process under the Federal Rules. For that reason, Duke submits that good cause exists to move forward in commencing discovery between Duke and National Union, the original parties to this action, notwithstanding United Educators' pending Motion to Dismiss as to the Third-Party Complaint.

## **LEGAL ARGUMENT**

Under the Federal Rules of Civil Procedure, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). Federal Rule 26(f) requires the parties to meet and discuss the nature of their claims and defenses, the potential for settlement, an arrangement for mandatory

4

disclosures pursuant to Rule 26(a)(1), and "to develop a discovery plan" and submit it to the Court. Fed. R. Civ. P. 26(f).

However, the Rule 26(f) conference—and the subsequent preparation of the Rule 26(f) report—is not triggered until the Clerk for the Middle District schedules an initial pretrial conference in the case. *See* L.R. 16.1(b) ("The parties must hold their Fed. R. Civ. P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference and submit to the court their report within 10 days thereafter"); Fed. R. Civ. P. 26(f). In this case, because Third-Party Defendant United Educators has filed a motion to dismiss the Third-Party Complaint asserted by National Union—which motion is still pending—the Clerk has not yet noticed the pretrial conference under L.R. 16.1, and consequently, no discovery has been permitted to occur between Duke and National Union.

Rule 26(d) specifically allows the Court to enter an order allowing discovery to proceed before a formal Rule 26(f) conference has occurred. *See* Fed. R. Civ. P. 26(d) (providing that the parties shall not seek discovery prior to the Rule 26(f) conference "*[e]xcept . . . when authorized . . . by order*") (emphasis added); *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006) ("[T]he bar on pre-conference discovery may be lifted by court order."); *accord* 8 Wright & Miller, *Federal Practice and Procedure* § 2046.1 (2d ed. 1994 & Supp. 2002) ("The moratorium [on discovery prior to the 26(f) Report] may be removed by court order.").

The decision to allow the parties to conduct discovery in advance of the 26(f) meeting is a matter "entrusted to the court's sound discretion." *OMG Fidelity, Inc. v.*

*Sirius Techs., Inc.*, 239 F.R.D. 300, 302 (N.D.N.Y. 2006). Although Rule 26(d) "generally preclud[es] discovery until the [Rule] 26(f) meeting, the courts have recognized that the rule permits the court to set the timing of discovery 'for the convenience of the parties and witnesses and in the interests of justice.'" *Whitfield v. Hochsheid*, No. C-1-02-218, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002).

Courts generally employ a standard of "good cause" in assessing whether the parties should be permitted to move forward with discovery in advance of the Rule 26(f) meeting. *See OMG*, 239 F.R.D. at 302; *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 236 (S.D.N.Y. 2005) (recognizing the "good cause" standard for such requests). In undertaking this assessment, the court must balance the respective "prejudice" to each side, evaluating harm to the non-moving party if the discovery is permitted to proceed versus the prejudice "which will be experienced by [the moving parties] if denied the opportunity for discovery at this stage." *See OMG*, 239 F.R.D. at 302. In *OMG*, the court granted a request for discovery in advance of the 26(f) meeting, noting that the prejudice to the non-moving party was minimal—since "the discovery sought would in all likelihood occur eventually"—and there was no justification for a needless delay in the discovery process. *Id.; see also Semitool, Inc. v. Toyko Electron. Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (granting request where information "is relevant and will be produced in the normal course of discovery" and allowing such discovery would "mov[e] this case forward").

In this case, there exists good cause for discovery to proceed. Duke's Complaint was filed eleven months ago, and National Union's Answer and Counterclaims were filed nearly eight months ago—and yet the parties have not been permitted to engage in any discovery, or even to file initial disclosures under Rule 26(a). Duke has a strong interest in moving forward with discovery, so as to delve into the factual underpinnings of the claims and defenses on the question of coverage under one or both of the National Union Policies.

Moreover, although United Educators' motion to dismiss the Third-Party Complaint filed by National Union remains pending, there are no dispositive motions pending as between Duke and National Union, the original parties to this action. Thus, the concerns that typically warrant abstaining from commencing discovery—namely, conserving judicial resources and avoiding inefficiencies in litigating the case—are not present in the underlying dispute between Duke and National Union. Duke is merely requesting to begin discovery with Defendant National Union—discovery which will "occur eventually" between the two parties. *OMG*, 239 F.R.D. at 302. Allowing such discovery will merely expedite the litigation of the underlying case between Duke and National Union. Accordingly, there is good cause for discovery to move forward between Duke and National Union notwithstanding United Educators' pending motion.

7

## **CONCLUSION**

For all of the foregoing reasons, Duke respectfully seeks an Order from this Court, pursuant to Fed. R. Civ. P. 26(d), allowing discovery to proceed between Duke and National Union in advance of the formal Rule 26(f) conference.

Respectfully submitted this the 18th day of September, 2009.

**KILPATRICK STOCKTON LLP**

/s/ Gregg E. McDougal
Gregg E. McDougal
N.C. State Bar No. 27290
gmcdougal@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
Phone (919) 420-1800
Fax (919) 420-1700

**JENNER & BLOCK LLP**
Jerold Oshinsky
joshinsky@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone (213) 239-5100

*Attorneys for Plaintiffs Duke University and Duke University Health System, Inc.*

US2008 868563.1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court using the CM/ECF system which will automatically send notice to the following counsel of record:

**BAILEY & DIXON, LLP**
David S. Coats
dcoats@bdixon.com

John T. Crook
jcrook@bdixon.com

**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, AND JERNIGAN LLP**
James Kye Dorsett , III
jdorsett@smithlaw.com

Kirk Alan Parry, Jr.
aparry@smithlaw.com

And via first-class mail, postage prepaid, to the following non-CM/ECF participants:

**CROWELL & MORING, LLP**
Clifton S. Elgarten
Elaine Panagakos
Kathryn Underhill
Michael T. Carolan
1001 Pennsylvania Ave., N.W.
Washington, DC 20004

This 18th day of September, 2009.

/s/ John M. Moye

John M. Moye

KILPATRICK STOCKTON LLP
3737 GLENWOOD AVENUE
SUITE 400
RALEIGH, NC 27612

US2008 868563.1