UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Case Number: 1:08-CV-0854-UA-WWD

| | |
|---|---|
| DUKE UNIVERSITY AND DUKE UNIVERSITY HEALTH SYSTEM, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | )<br>)<br>)<br>) |
| Defendant and Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| UNITED EDUCATORS INSURANCE, A RECIPROCAL RISK RETENTION GROUP, | )<br>)<br>)<br>) |
| Third-Party Defendant. | )<br>) |

**DEFENDANT AND THIRD-PARTY PLAINTIFF NATIONAL UNION'S OBJECTION AND RESPONSE TO PLAINTIFFS' MOTION TO PROCEED WITH DISCOVERY**

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), in response to the Motion to Proceed with Discovery (prior to resolution of the Third-Party Defendant's pending motions to dismiss and/or stay) filed by Plaintiffs Duke University and Duke University Health System, Inc. (collectively "Duke"), respectfully submits to the Court this Memorandum of Law, in which it shows the Court as follows:

DUKE UNIVERSITY et al v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA    Doc. 42

Dockets.Justia.com

## NATURE OF THE MATTER BEFORE THE COURT

This matter is before the Court on Duke's request to seek discovery from Defendant National Union, prior to allowing the Court to first resolve whether the Third-Party Defendant, United Educators Insurance, a Reciprocal Risk Retention Group (hereinafter "UE"), is a proper party to this action which, correspondingly, would resolve whether all parties can proceed with discovery at the same time and on the same basis. Duke's motion leaves pending before the Court UE's motion to dismiss[1] and this Court's own question of whether it should recuse itself from further proceedings in this case.[2]

The stated purpose of Duke's motion is to engage in discovery related solely to its claims against National Union, while simultaneously denying to National Union its opportunity under the same rules to engage in discovery with UE. National Union's claims against UE seek declaratory relief similar to the relief sought by Duke, and further assert rights of contribution and subrogation from UE should this Court determine that both the National Union and UE insurance policies provide *pro rata* coverage for the defense costs in the Underlying Actions as set forth in Duke's Complaint. Because discovery solely between Duke and National Union would prejudice National Union's right to investigate its own claims, for which Duke may have its own derivative right, Duke's motion to proceed with discovery should be denied and discovery should proceed after UE's prior motions have been resolved.

---

[1] [Dkt. 23];
[2] [Status Conference, 8/20/2009];

## STATEMENT OF THE FACTS

Duke initiated this action against National Union by asserting claims for declaratory relief, defense costs, and indemnification arising out of policies of insurance issued to Duke by National Union and three legal actions[3] (hereinafter "the Underlying Actions") brought against Duke and others by individuals associated with the 2005-2006 Duke Men's Lacrosse Team ("the Lacrosse Team"). The Underlying Actions, and Duke's settlement with the Duke Three, can all be traced back to a well-publicized allegation of rape made by Crystal Mangum on March 14, 2006.

In response to Duke's Complaint, National Union denied breaching the insurance policies and further asserted a Counterclaim, seeking a declaratory judgment as to the nature and extent of its coverage obligation with respect to the Underlying Actions. Also, National Union asserted a Third-Party Complaint against Duke's liability insurer, UE, requesting a declaratory judgment as to the nature and extent of UE's coverage obligations with respect to the Underlying Actions. In response to National Union's claims, UE asserted a motion to dismiss or stay, both of which remain pending before the Court. Because this Court has not yet resolved the complicated question of whether UE is a proper party, there has been no Rule 26(f) conference, and no corresponding exchange of discovery.

## QUESTION PRESENTED

Whether Duke has met its burden to show that sufficient administration of justice considerations overcome the prejudice to National Union should it be required to

---

[3] *McFadyen, et al. v. Duke University, et al*, No. 1:07-CV-953 (M.D.N.C.) ("the *McFadyen* Action"); *Carrington, et al. v. Duke University, et al.*, No. 1:08-CV-119 (M.D.N.C.) ("the *Carrington* Action"); and *Pressler v. Duke University, et al.*, Durham Superior Court, 08 CVS 1311 (the "*Pressler I* Action")

participate in expedited discovery, without full and open participation from Third-Party Defendant UE.

## LEGAL ARGUMENT

The Supreme Court has long-stated that the purpose of discovery is to allow "the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 500 (1947). Given the importance of broad disclosure, Rule 26 is not to be interpreted so as "to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Fed. R. Civ. P. 26 Advisory Committee Note.

To facilitate that purpose, Rule 26(f) requires that all parties meet and discuss an arrangement for mandatory disclosures pursuant to Rule 26(a)(1), and "to develop a discovery plan" for the Court. Fed. R. Civ. P. 26(f). Local Rule 16.1(b) states that a Rule 26(f) meeting must take place fourteen days before the pre-trial conference scheduled by the Clerk of Court. *See* L.R. 16.1(b). As acknowledged by Duke, the triggering event for the exchange of discovery is the Clerk's scheduling of the Rule 26(f) conference, which has not yet occurred. Despite the fact that no such meeting has been scheduled, Duke now seeks this Court's leave to engage in discovery while carving out UE from the discovery process.

"[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

responding party." *Semitool, Inc. v. Tokoyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). With its emphasis on expedition, "good cause" commonly exists in cases involved infringement, unfair competition, or where there is a concern that evidence will be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08-CV-200 (S.D. Ohio, July 12, 2009).

In this case, there is no concern that evidence will disappear, and there is no evidence before this Court indicating a need to immediately engage in discovery. Instead, the evidence before this Court indicates that the questions presented by National Union in its Third-Party Complaint, along with UE's response to those third-party claims, merit judicial focus and concern before allowing all parties to fully and fairly participate in the discovery process. The burden upon Duke in this motion is to show that there is "good cause" to proceed with discovery, which necessarily requires a finding that any prejudice to National Union is overcome by considerations of the proper administration of justice. Conspicuously absent in Duke's brief, however, is any discussion about the potential prejudice to National Union in being unable to fully investigate the factual underpinnings of its claims, and Duke's potential derivative right to recover from UE.

To the contrary, in its previous submissions to this Court, Duke has asserted the likelihood of prejudice against its _own_ case as a principal point of its opposition to UE's motion to dismiss if it was disallowed to conduct discovery with _both_ National Union and UE. In its memorandum in opposition to UE's motion to dismiss, Duke wrote that "[i]f … this Court were to make a substantive determination at this stage as to the 'merits of the coverage issues,' Duke would be severely prejudiced, as the insured seeking coverage from multiple insurers – particularly given the early stage of the proceedings and the fact

that no discovery has yet commenced between the parties." [Dkt. 35, p. 7] [Internal citations omitted][emphasis added]. Further emphasizing its point, Duke also wrote that that "[g]iven the fact that no discovery as to the facts of this dispute has yet been undertaken—indeed, the facts as to when Duke's coverage was triggered remain disputed by the insurers—and Duke as not yet been provided an opportunity to establish its right to coverage under the respective policies, this court should deny UE's substantive arguments as premature...." [Dkt. 35, p. 8][emphasis added]. In both instances, Duke is clearly asserting a prejudice to its own claims in not engaging in discovery with UE, and thus should not now be able to claim an absence of prejudice to National Union in denying its right to enter into that same exchange of discovery.

Given the previous position taken by Duke before this Court, Duke's motion should be barred without even addressing the merits set forth therein due to the principals of judicial estoppel. *See Zedner v. United States*, 547 U.S. 489, 504 (2006) ("[J]udicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"). Furthermore, on the merits of Duke's motion, by Duke's own admission, the allowance of Duke's motion would be manifestly prejudicial to National Union and Duke, and Duke may not overcome that prejudice by simply asserting that UE's motions to dismiss or stay have remained pending for six months, especially in light of the fact that Duke has offered no justification as to why expedited discovery is *now* necessary.

In support of its Motion, Duke cites *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300 (N.D.N.Y. 2006). In *OMG*, the Northern District Court of New York wrote that the issue of pre-conference discovery was addressed to the discretion of

the Judge, and that the standard upon which the court should hear this motion is whether the request is "reasonable under the circumstances". *Id.* at 303. However, in contrast to the facts of *OMG*, the unique circumstance now before this Court is that one single party seeks the right to engage in discovery with its defendant, to the dereliction of that defendants's equivalent right to engage in discovery with its third-party defendant. Such a request was not before the District Court in *OMG*, and what was reasonable in *OMG* does not translate to this case. Because the facts presented by *OMG* are inapposite to facts in the instant case, it cannot serve as precedent for the allowance of discovery in the current procedural context. Instead, in examining the unique procedural posture of this case, this Court should deny Duke's motion to proceed with discovery until such time as it is able to address UE's motion to dismiss and all parties can proceed with discovery at the same time and on the same basis. Duke's motion foreshadows a fragmented discovery process with disjointed discovery deadlines which should not be embraced by the Court, and is in direct contradiction with Duke's previous position taken before this Court on UE's Motion to Dismiss.

## **CONCLUSION**

Pursuant to the above-listed reasons, this Court should deny Duke's Motion to Proceed with Discovery, and should stay all discovery in this case until it has ruled upon UE's pending motions to dismiss and/or stay.

Respectfully submitted, this the 13th day of October, 2009.

        BAILEY & DIXON, LLP

        By: /s/ David S. Coats
          David S. Coats, N.C. State Bar No. 16162
          dcoats@bdixon.com
         By: /s/ Dayatra T. King
           Dayatra T. King, N.C. State Bar No. 24355
          dking@bdixon.com
         By: /s/ J.T. Crook
           J.T. Crook, N.C.S.B. 35232
          jcrook@bdixon.com
        Attorneys for Defendant
        Post Office Box 1351
        Raleigh, North Carolina 27602
        Telephone: (919) 828-0731
        Facsimile: (919) 828-6592

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th of October, 2009, I electronically filed the foregoing Response Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gregg E. McDougal
Betsy Cooke
John Moye
Kilpatrick Stockton LLP
3737 Glenwood Ave, Suite 400
Raleigh, NC 27612
gmcdougal@kilpatrickstockton.com
bcooke@kilpatrickstockton.com
jmoye@kilpatrickstockton.com
*Attorneys for Plaintiffs*

Jerold Oshinsky
Jenner & Block LLP
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
joshinsky@jenner.com
*Attorneys for Plaintiffs*

James K. Dorsett, III
K. Alan Parry
Smith Anderson Blount Dorsett
    Mitchell & Jernigan
Post Office Box 2611
Raleigh, North Carolina 27602-2611
jdorsett@smithlaw.com
aparry@smithlaw.com
*Attorneys for Third-Party
    Defendants*

Clifton S. Elgarten
Kathryn A. Underhill
Elaine Panagakos
Michael T. Carolan
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
*Attorneys for Third-Party
    Defendants*

This the 13th day of October, 2009.

/s/ David S. Coats
David S. Coats



RUSSELL E. CASTON, Plaintiff, vs. THOMAS E. HOAGLIN, et al., Defendants.

Civil Action 2:08-CV-200

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

2009 U.S. Dist. LEXIS 49591

June 12, 2009, Decided
June 12, 2009, Filed

**COUNSEL:** [*1] For Russell E. Caston, on behalf of Nominal Defendant Huntington Bancshares Incorporated, Plaintiff: Rex H Elliott, LEAD ATTORNEY, Charles Horne Cooper, Jr., Sheila P Vitale, Cooper & Elliott - 2, Columbus, OH; John C Camillus, Cooper & Elliott LLC, Columbus, OH; William B. Federman, Federman & Sherwood, Oklahoma City, OK.

For Thomas E. Hoaglin, Donald R. Kimble, Marty E. Adams, David P. Lauer, Kathleen H. Ransier, Michael J. Endres, Raymond J. Biggs, Don M. Casto, III, John B. Gerlach, Jr., William J. Lhota, Gene E. Little, David L. Porteous, D. James Hilliker, Jonathan A. Levy, Marylouise Fennell, Gerard P. Mastroianni, Huntington Bancshares Incorporated, Nominal Defendant, Defendants: Robert Ward Trafford, LEAD ATTORNEY, Daniel William Costello, James A King, Porter Wright Morris & Arthur - 2, Columbus, OH; Hille R Sheppard, Kristen R Seeger, Walter C Carlson, PRO HAC VICE, Sidley Austin LLP, Chicago, IL.

**JUDGES:** Norah McCann King, United States Magistrate Judge. Judge Sargus.

**OPINION BY:** Norah McCann King

**OPINION**

**OPINION AND ORDER**

Plaintiff, a shareholder of defendant Huntington Bancshares, Inc. ("Huntington"), brings this shareholder derivative action on behalf of Huntington against certain of its officers and [*2] directors. *Verified First Amended Shareholder Derivative Complaint*, Doc. No. 45 (*"Amended Complaint"*).[1] This matter is before the Court on *Plaintiff's Motion for Leave to Serve Preservation Subpoenas on Various Third Parties*, Doc. No. 47 (*"Plaintiff's Motion"*).

 1    Although initially named as a defendant, Deloitte & Touche, LLP, was dismissed from this action on November 6, 2008. Doc. No. 53.

**I. BACKGROUND**

Plaintiff filed this action on February 29, 2008. *Complaint*, Doc. No. 2. Defendants subsequently moved to dismiss plaintiff's claims. Doc. No. 23. This Court set a preliminary pretrial conference for June 25, 2008. Doc. No. 25. Prior to this conference, the parties jointly requested an extension of time for filing the Fed. R. Civ. P. 26(f) report pending ruling on the motion to dismiss. Doc. No. 33. The parties represented that postponing this submission was in the interest of judicial economy and would "conserve the parties' resources, and allow them to focus their efforts on briefing the motion to dismiss." *Id.* The Court granted the parties' request and vacated the preliminary pretrial conference, noting that the conference would be rescheduled, if appropriate, after resolution of the [*3] motion to dismiss. *Order*, Doc. No. 34.

On September 10, 2009, plaintiff's counsel asked defendants' counsel if the latter would object to document preservation subpoenas directed to third parties:

> To be clear, we are not requesting document production, inspection or identification of any documents. We are simply advising third parties to preserve all

relevant documents in their possession, if any.

Exhibit A, attached to *Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Serve Preservation Subpoenas*, Doc. No. 49 ("*Memo. in Opp.*").

Defendants responded that, under the circumstances in this case, the use of a Rule 45 subpoena was inappropriate:

> No discovery (or use of *Rule 45*) is proper until that motion [to dismiss] is decided. [2] Moreover, under the Federal Rules, no discovery is appropriate until the Rule 26(f) conference has been conducted.
>
> To the extent that plaintiff believes he should contact third parties with a request that documents be preserved, neither plaintiff nor plaintiff's counsel needs our permission. . . . We expect that any communication with third parties would not include a reiteration of what Huntington and the individual defendants believe to be unfounded [*4] allegations of wrongdoing, and strongly encourage you not to tortiously interfere with any of the defendants' rights.

*Id.*

    2 Plaintiff filed the *Amended Complaint* on September 12, 2008, which defendants moved to dismiss, Doc. No. 54, mooting the initial motion to dismiss the original *Complaint*. Doc. No. 55.

Plaintiff moves for leave to serve subpoenas "on various third parties" in order to preserve "critical and relevant" information. *Plaintiff's Motion*, p. 2. Because the parties have agreed to postpone the Rule 26(f) conference and because *Rule 26(d)* prohibits discovery prior to that conference, plaintiff seeks the Court's leave to issue the subpoenas. *Id.* Plaintiff contends that the subpoenas are appropriate because they (1) merely seek preservation, rather than production, of information; (2) are directed to a specific list of 19 persons; and (3) are narrowly tailored in scope. *Id.* at 3-4. [3]

    3 The exhibits containing a list of these persons and the specific documents at issue were filed under seal. Doc. No. 51.

Defendants oppose *Plaintiff's Motion*, noting that of the 19 individuals identified, 11 are current Huntington employees, 6 are former employees and the remaining 2 are employees [*5] of the Office of the Comptroller of the Currency ("OCC"). *Memo. in Opp.*, pp. 1-2. Defendants argue that subpoenas directed at the current employees are inappropriate because it is really Huntington, not the individual employees, who control the documents, which should be sought from Huntington under *Fed. R. Civ. P. 34. Id.* at 3-4. Defendants also contend that plaintiff has not shown good cause to serve subpoenas on the remaining eight individuals because (1) there is no allegation or evidence that relevant information will be destroyed if the subpoenas are not issued; (2) concerns over possible destruction are unfounded because Huntington has contacted the individuals and has requested that they preserve documents identified in plaintiff's subpoena; and (3) plaintiff has failed to show that he will suffer undue prejudice if his motion is not granted. *Id.* at 4-7.

In reply, plaintiff argues that defendants lack standing to oppose the request to serve subpoenas on non-parties. *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Leave to Serve Preservation Subpoenas*, pp. 1-2, Doc. No. 52 ("*Reply*"). Plaintiff also contends that concerns about preservation are valid because [*6] defendants fail to specify when they contacted the non-parties and what the non-parties were told. *Id.* at 3. As to the current employees, plaintiff argues that he is not attempting to "expedite discovery" or seek production of documents, thereby distinguishing defendants' cited cases. *Id.* at 2-3. Plaintiff further contends that "good cause" exists for his request because the scope of the request is narrow and the evidence is critical to defendants' alleged breaches of fiduciary duties. *Id.* at 4-5.

## II. STANDARD

*Rule 26 of the Federal Rules of Civil Procedure* governs discovery. *Rule 26(d)* provides as follows:

> (1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under *Rule 26(a)(1)(B)*, or when authorized by these rules, by stipulation, or by court order.
>
> (2) *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery.

*Rule 26(d)* therefore permits the district court [*7] to order expedited discovery. *See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).*

Although there is no binding authority on point, unpublished decisions from this and other district courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery. *See, e.g., Giltnane v. Tennessee Valley Auth., No. 3:09-cv-14, 2009 U.S. Dist. LEXIS 6734 (E.D. Tenn. Jan. 30, 2009); Arista Records, LLC v. Does 1-4, No. 1:07-cv-1115, 2007 U.S. Dist. LEXIS 85652 (W.D. Mich. Nov. 20, 2007); Whitfield v. Hochfield, No. C-1-02-218, 2002 U.S. Dist. LEXIS 12661 (S.D. Ohio July 2, 2002).* "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'n Int'l, Inc., 213 F.R.D. at 419.* "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).* Good cause is often found in cases alleging infringement, [*8] unfair competition, or where evidence may be lost or destroyed with time. *See, e.g., id.; Qwest Commc'n Int'l, Inc., 213 F.R.D. at 419; Warner Bros, Records, Inc. v. Does 1-4, No. 2:07-cv-0424 TC, 2007 U.S. Dist. LEXIS 48829, at *2-3 (D. Utah July 5, 2007).* The scope of the discovery request is also relevant to whether or not good cause exists. *See, e.g., Qwest Commc'n Int'l, Inc., 213 F.R.D. at 420.* Finally, the trial court retains broad discretion in establishing the timing of discovery. *Fed. R. Civ. P. 26(d)(2).*

### III. DISCUSSION

#### A. Current Huntington Employees

As a party to this action, Huntington has an obligation to preserve evidence that is relevant to the litigation. *See, e.g., Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D. N.Y. 2003)* (quoting *Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001)).* Plaintiff does not dispute defendants' contention that 11 of the 19 individuals identified in plaintiff's exhibit are current Huntington employees. Exhibit 1, Doc. No. 51. Huntington has control over its current employees and the records within their possession. *See, e.g., In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983, 722 F.2d 981, 984 (2d Cir. 1983)*("The [*9] officer creates or handles the records in a representative capacity, not on his own behalf. The records, moreover, do not belong to him but to the organization."); *Flagg v. City of Detroit, 252 F.R.D. 346, 353 (E.D. Mich. Aug. 22, 2008)* ("[A] corporate party may be deemed to have control over documents in the possession of one of its officers or employees."); *LaCroix v. American Horse Show Ass'n, 853 F. Supp. 992, 1001 (N.D. Ohio 1993)* (noting that defendant had control over its employees). Accordingly, Huntington can ensure that its current employees comply with its request to preserve relevant information. There is nothing before the Court to suggest that Huntington and/or its current employees have not or will not comply with this obligation. Indeed, Huntington represents to the Court that it "is fully complying with its discovery obligations, including its obligation to preserve relevant documents." *Memo. in Opp.*, p. 3. Therefore, plaintiff's request to serve a Rule 45 subpoena on 11 of Huntington's current employees is without merit.

#### B. Former Huntington Employees and OCC Employees

Of the remaining eight individuals identified by plaintiff, the parties do not dispute that six are [*10] former Huntington employees and the other two are current OCC employees. Plaintiff argues that defendants lack standing to object to the request to subpoena these non-parties, an argument that defendants apparently concede. Exhibit A. Plaintiff's argument is well-taken. The proposed subpoena is not directed to defendants. "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it." *Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303, 306 (N.D. Ohio 2002)* (internal citations omitted). In this case, defendants have not asserted a claim of privilege, but argue instead that subpoenas are unnecessary and that plaintiff will not suffer undue prejudice if plaintiff is denied leave to issue the subpoenas. *Memo. in Opp.*, pp. 5-6. Defendants therefore lack standing to challenge the proposed subpoenas directed to these eight individuals. *Donahoo, 211 F.R.D. at 306.*

Plaintiff next distinguishes between a Rule 45 subpoena seeking the production of documents and a subpoena that "merely" requires the preservation of documents, arguing that the latter is not [*11] an attempt to engage in expedited discovery. *Reply.* ⁴ Regardless of

how plaintiff attempts to frame his request, a Rule 45 subpoena is a discovery device that may not be used to circumvent other civil rules or court orders. *See, e.g., Barrington v. Lockheed Martin, Corp., 2007 U.S. Dist. LEXIS 32602, at *11 (M.D. Fla. May 3, 2007)* (stating that *Rule 45* may not be used to circumvent *Rule 34* or a court's discovery order); *Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001)* ("[M]ost courts hold that a subpoena seeking documents from a third-party under *Rule 45(a)(1)(C)* is a discovery device and therefore subject to a scheduling order's general discovery deadlines"). Accordingly, the Court must determine if good cause exists to permit plaintiff to issue the proposed subpoenas prior to the Rule 26(f) conference. [5]

4 Nevertheless, plaintiff earlier acknowledged that *Rule 26(d)* prohibits discovery prior to the Rule 26(f) conference and concedes that he needs the Court's permission to issue the proposed subpoenas. *Plaintiff's Motion*, p. 2.

5 Plaintiff apparently concedes that good cause must be shown because he argues that good cause exists to issue these proposed subpoenas. *Reply*, pp. [*12] 4-5.

For the reasons that follow, the Court concludes that plaintiff has established good cause. First, plaintiff may suffer undue prejudice if the documents that he seeks to preserve, which may bear directly on the claims in this litigation, are destroyed. Defendants argue that these subpoenas are unnecessary, representing that defendants have communicated with the eight individuals and have advised them to preserve the documents identified in plaintiff's proposed subpoenas. However, as plaintiff points out, an informal conversation asking non-parties to preserve certain documents lacks the force of a subpoena. Based on the present record, if defendants' motion to dismiss is denied, failing to preserve the identified documents would work to plaintiff's prejudice.

Second, the subpoenas seek to preserve seven categories of specific documents. Exhibit 2, Doc. No. 51. Plaintiff represents that the scope of these categories is "sufficiently particularized" and captures "critical evidence targeted to Defendants' alleged breaches of fiduciary duties[.]" *Plaintiff's Motion*, p. 4, *Reply*, p. 4. [6] Nevertheless, the Court observes that the categories fail to identify a specific time frame. The *Amended* [*13] *Complaint* identifies the relevant time period as June 2006 to the present. *Am. Compl.*, P 1. Accordingly, plaintiff may propose more narrowly tailored subpoenas specifically identifying a timeframe relevant to the issues raised in the *Amended Complaint*.

6 In addition, defendants do not complain about the breadth of the categories of documents.

Finally, permitting more narrowly tailored subpoenas designed to preserve relevant information does not conflict with the Court's prior *Order*, Doc. No. 34, which continued the Rule 16 preliminary pretrial conference. Moreover, issuing the subpoenas to these third parties does not undermine the parties' desire to conserve their resources because it does not require response from any party.

**WHEREUPON**, *Plaintiff's Motion for Leave to Serve Preservation Subpoenas on Various Third Parties*, Doc. No. 47, as presently formulated, is **DENIED without prejudice** to the right to issue subpoenas to the eight individuals identified in Exhibit 1. who are not current Huntington employees. The subpoenas must be narrowly tailored to reflect the applicable timeframe identified in the *Amended Complaint*.

June 12, 2009

/s/ Norah McCann King

Norah McCann King

United States Magistrate [*14] Judge