IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No: 1:08-CV-0854

| | |
|---|---|
| DUKE UNIVERSITY; DUKE UNIVERSITY HEALTH SYSTEM, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., )<br><br>Defendant. ) | **PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO MOTION TO PROCEED WITH DISCOVERY** |

Plaintiffs Duke University and Duke University Health System,. Inc. ( "Duke") request that this Court issue an Order, pursuant to Rule 26(d), permitting Duke and Defendant National Union Fire Insurance Company ("National Union") to engage in mutual, reciprocal pre-conference discovery prior to a formal Rule 26(f) conference between the parties. Dkt. 40, 41.

Duke filed a Complaint in this action against its insurer, National Union, in November 2008. *See* Dkt. 1. Subsequently, in January 2009, National Union filed a Third-Party Complaint against Third-Party Defendant United Educators. Dkt. 8. National Union contends that it is entitled to equitable contribution and/or equitable subrogation from United Educators. *Id.* United Educators has since moved to dismiss the Third-Party Complaint National Union filed against it. Dkt. 23. Regardless of the outcome of the motion to dismiss filed by United Educators, discovery between Duke and National Union will ultimately proceed on the claims and counterclaims pending between them.

In its Response in Opposition to Duke's Motion, National Union focuses solely on its separate Third-Party Complaint against United Educators. See Dkt. 42 at 2, 5, 7 (complaining of

1

the "dereliction of defendant's equivalent right to engage in discovery with its third-party defendant"). National Union argues merely that it should be entitled to discovery from United Educators on its separate third-party claims for equitable contribution and equitable subrogation. But unlike the dispute between Duke and National Union, those claims are subject to a pending motion to dismiss.

Because there is no such motion to dismiss pending between Duke and National Union, and because discovery will ensue between these original parties to the case irrespective of the outcome of United Educators' motion, good cause exists to move forward with discovery between Duke and National Union now, prior to the initial pretrial conference under M.D.N.C. LR 16.1(b).

Respectfully submitted this the 16th day of October, 2009.

**KILPATRICK STOCKTON LLP**

/s/ Gregg E. McDougal
Gregg E. McDougal
N.C. State Bar No. 27290
gmcdougal@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
Phone (919) 420-1800
Fax (919) 420-1700

**JENNER & BLOCK LLP**
Jerold Oshinsky
joshinsky@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone (213) 239-5100

*Attorneys for Plaintiffs Duke University and Duke University Health System, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court using the CM/ECF system which will automatically send notice to the following counsel of record:

      **BAILEY & DIXON, LLP**
      David S. Coats
      dcoats@bdixon.com

      John T. Crook
      jcrook@bdixon.com

      **SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, AND JERNIGAN LLP**
      James Kye Dorsett, III
      jdorsett@smithlaw.com

      Kirk Alan Parry, Jr.
      aparry@smithlaw.com

And via first-class mail, postage prepaid, to the following non-CM/ECF participants:

      **CROWELL & MORING, LLP**
      Clifton S. Elgarten
      Elaine Panagakos
      Kathryn Underhill
      Michael T. Carolan
      1001 Pennsylvania Ave., N.W.
      Washington, DC 20004

This 16th day of October, 2009.

                /s/ John M. Moye
                John M. Moye

KILPATRICK STOCKTON LLP
3737 GLENWOOD AVENUE
SUITE 400
RALEIGH, NC 27612

US2008 868563.1