IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| DUKE UNIVERSITY and<br>DUKE UNIVERSITY HEALTH SYSTEM, INC.,<br><br>                        Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.,<br><br>  Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>UNITED EDUCATORS INSURANCE,<br><br>      Third-Party Defendant. | Civil Action No. 1:08-cv-0854<br><br>**JOINT RULE 26(f) REPORT** |

    1.    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.1(b) of the Local Rules, a conference was held on January 8, 2010, by telephone. The conference was attended by the following individuals:

        Gregg E. McDougal and John M. Moye of the law firm KILPATRICK STOCKTON LLP and Jerold Oshinsky of the law firm JENNER & BLOCK LLP appeared for Plaintiff Duke;

        David Coats and J.T. Crook of the law firm BAILEY & DIXON LLP appeared for Defendant / Third-Party Plaintiff National Union; and

- 1 -

US2008 1070384.4

Dockets.Justia.com

K. Alan Parry of the law firm SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN LLP and Cliff Elgarten of the law firm CROWELL & MORING LLP appeared for Third-Party Defendant United Educators Insurance.

2. Discovery Plan:

Duke brought this action against National Union in November 2008. *See* Dkt. 1. In January 2009, National Union Answered and brought counterclaims against Duke. *See* Dkt. 8. National Union also brought a Third-Party Complaint against United Educators. *See id*.

There are two motions pending before this Court:

A) Third-Party Defendant United Educators has filed a Motion to Dismiss the third-party claims against it, arguing, *inter alia*, that any claims against United Educators based on the United Educators policies are subject to binding arbitration. *See* Dkt. 23.

B) Duke has filed a motion, pursuant to Rule 26(d), to allow discovery to move forward between Duke and National Union. *See* Dkt. 35.

Duke's position is that discovery should now commence between Duke and National Union, for the reasons set forth in its Motion to Proceed with Discovery. Duke does not object to United Educators' position that no discovery should occur with respect to United Educators until the Court first rules on United Educators' pending Motion to Dismiss.

National Union's position is that no discovery should commence in this case, and no Scheduling Order should issue, until such time as the Court first issues a ruling on United Educators' pending Motion to Dismiss.

United Educators' position is that no discovery or other deadlines should occur with respect to United Educators until the Court first rules on United Educators' pending Motion To Dismiss. Accordingly, United Educators submits no discovery plan to the Court at this time. United Educators does not object to the commencement of discovery as between Duke and National Union.

### i. Duke's Discovery Plan:

Duke proposes to the Court the following discovery plan as between Duke and National Union:

The Parties will exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure within ten (10) days of the issuance of the Court's Scheduling Order in this case.

Duke proposes that Discovery will be needed on the following subjects:

    (a)    Duke's allegations as set forth in its Complaint, including a copy of National Union's claims file as to the insurance policies it issued to Duke;

    (b)    The facts regarding National Union's payment of $5,000,000 to Duke, which sum was paid after Duke filed this lawsuit in November 2008;

    (c)    Duke's alleged damages;

    (d)    Defendant National Union's defenses as asserted in its Answer;

- 3 -

US2008 1070384.4

Case 1:08-cv-00854-UA-PTS   Document 46   Filed 01/19/10   Page 3 of 10

(e) All facts related to National Union's claims for declaratory relief as asserted in its Counterclaims;

(f) Any other issues raised in Duke's Complaint or National Union's Answer and Counterclaims, as they currently exist or as they are amended in the future.

### ii. National Union's Discovery Plan:

In addition to the subjects listed above by Duke, National Union proposes that discovery will also be needed on the following subjects:

(a) The plaintiffs' allegations against Duke and Duke's Answers and affirmative defenses set forth in response to the allegations of the plaintiffs in the civil actions styled (1) *McFadyen v. Duke University*, 1:07-cv-953 (M.D.N.C.); (2) *Carrington v. Duke University*, No. 1:08-cv-119 (M.D.N.C.); (3) *Pressler v. Duke University*, No. 07-CVS-005223 (N.C. Sup. Ct.); and (4) *Pressler v. Duke University*, No. 08-cv-1131 (N.C. Sup. Ct.) (collectively, "the Underlying Actions");

(b) The underwriting and risk assessments of Duke undertaken by National Union prior to the issuance of the National Union Policy #625-03-42 ("the 2006 Policy");

(c) The underwriting and risk assessments of Duke undertaken by National Union prior to the issuance of the National Union Policy #965-76-25 ("the 2007 Policy");

(d) The underwriting, risk assessments, and correspondence between Duke and United Educators prior to the issuance by United Educators of Policy # GLX20070004400 to Duke ("the UE Policy");

(e) The underwriting, risk assessments, and correspondence between Duke and United Educators prior to the issuance by United Educators of Policy # ELA200500044000 ("the UE D&O Policy");

(f) The reasonableness of the legal fees incurred by Duke in the defense of the Underlying actions;

(g) The circumstances surrounding Duke's settlement with Reade Seligmann, Collin Finnerty, and David Evans;

(h) National Union's allegations as set forth in its Third-Party Complaint against United Educators;

(i) Third-Party Defendant United Educators' defenses as asserted in its Answer to National Union's Third-Party Complaint.

National Union proposes that discovery should commence and that the Parties will exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure within thirty (30) days of the issuance of the Court's ruling on United Educators' Motion to Dismiss.

### iii. Areas of Agreement Between Duke and National Union:

Discovery shall be placed on a case management track established in LR 26.1. The appropriate plan for this case is that designated in LR 26.1(a) as:

    \_\_\_\_\_ Standard

    \_\_\_\_\_ Complex

    \_\_X\_\_ Exceptional

The date for the completion of all discovery (general and expert) should be nine (9) months after the Court issues its Scheduling Order in this case.

Reports from retained experts under Rule 26(a)(2) will be due during the discovery period:

    (a)    as to all claims where a party bears the burden of proof, by the first day of the second month preceding the close of discovery.

    (b)    as to those expert reports submitted in rebuttal to expert reports submitted under subparagraph (a) above, by the first day of the month preceding the close of discovery.

Supplementations under Rule 26(e) will be due within thirty (30) days after receipt of information requiring such supplementation.

Electronic Discovery. The Parties will discuss the need to preserve electronically stored information ("ESI") and will alert those persons most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure.

US2008 1070384.4

With regard to electronic discovery, the Parties will make a good faith effort to determine a reasonable list of search terms for the Parties to use in searching for responsive ESI. After a party has searched potentially responsive data using the agreed-upon keyword search terms, that party shall advise the opposing party(s) of the amount of data generated by the search. The opposing party(s) may then elect to narrow the keyword search term list to reduce the amount of data generated.

The Parties will meet and confer about additional electronic discovery parameters and to work in good faith to reach a resolution about the format of the production, including whether extracted text is included and what metadata will be produced.

Privilege Log. The Parties will log materials withheld from discovery on the grounds that they are protected by the attorney-client privilege, protected by the work product doctrine, or protected as material prepared in anticipation of litigation or for trial. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

The production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the Parties will follow the procedure set out in Rule 26(b)(5)(B).

Mediation. Mediation should be conducted before the end of the discovery period, the exact date to be set by the mediator after consultation with the Parties. The Parties agree that the mediator shall be James L. Gale.

US2008 1070384.4

Preliminary Deposition Schedule. The following deposition schedule is appropriate:

    (a)    Depositions of non-expert witnesses shall be scheduled on dates mutually agreeable to the Parties following an exchange of responses to written discovery, or ninety (90) days after the commencement of the discovery period, whichever is sooner.

    (b)    Depositions of expert witnesses shall be taken during the thirty (30) day period following the submission of the expert reports.

<u>Other Items</u>:

Until January 25, 2010, the Parties may join additional parties or amend their pleadings without leave of court. After this date, the Parties must seek leave of court. The Court will consider, *inter alia*, whether the granting of leave would delay trial.

All potentially dispositive motions should be filed thirty days after the close of discovery.

The Parties have considered special procedures for managing this case, including reference of the case to a magistrate judge on consent of the Parties under 28 U.S.C. § 636(c), or appointment of a master. The Parties do not consent to such referral or appointment.

Trial of this action by jury is expected to take 5-6 days.

Duke contends that a Protective Order is necessary and appropriate in this case to preserve the confidentiality of information exchanged between the Parties. National

US2008 1070384.4

Union takes no position on the necessity or appropriateness of a Protective Order in this case. Duke will, however, prior to the commencement of discovery, submit to the Parties a proposed Protective Order which, if reasonable and once agreed upon, will be submitted to the Court.

The Parties will file a supplemental report, if necessary, within ten (10) days following the Court's ruling on United Educators' pending Motion to Dismiss, which will set forth the Parties' respective positions on discovery and other deadlines to be applicable to any remaining third-party claims between National Union and United Educators.

The Parties are not aware of any other matters or problems regarding discovery or case management which may require the Court's attention (e.g., unmovable scheduling conflicts, etc.).

US2008 1070384.4

Respectfully submitted this the 19th day of January, 2010.

| KILPATRICK STOCKTON LLP | BAILEY & DIXON LLP |
|---|---|
| */s/ Gregg E. McDougal* | */s/ David S. Coats*_____ |
| Gregg E. McDougal | David S. Coats |
| N.C. State Bar No. 27290 | N.C. State Bar No. 16162 |
| 3737 Glenwood Ave., Suite 400 | P.O. Box 1351 |
| Raleigh, North Carolina 27612 | Raleigh, North Carolina 27602 |
| Phone: (919) 420-1700 | Phone: (919) 828-0731 |
| Fax: (919) 420-1800 | Fax: (919) 828-6592 |
| E-Mail Address: | E-Mail Address: |
| gmcdougal@kilpatrickstockton.com | dcoats@bdixon.com |
| | |
| JENNER & BLOCK LLP | *Attorney for National Union Fire Insurance Company of Pittsburgh P.A.* |
| Jerold Oshinsky | |
| joshinsky@jenner.com | |
| 633 West 5th Street, Suite 3500 | SMITH, ANDERSON, BLOUNT, |
| Los Angeles, CA 90071-2054 | DORSETT, MITCHELL, & JERNIGAN |
| Phone (213) 239-5100 | |
| | */s/ K. Alan Parry*_____ |
| *Attorneys for Duke University and Duke University Health System, Inc.* | K. Alan Parry |
| | N.C. State Bar No. 31343 |
| | P.O. Box 2611 |
| | Raleigh, North Carolina 27602 |
| | Phone: (919) 821-1220 |
| | Fax: (919) 821-6800 |
| | E-Mail Address: |
| | aparry@smithlaw.com |
| | |
| | CROWELL & MORING LLP |
| | |
| | */s/ Clifton S. Elgarten*_____ |
| | Clifton S. Elgarten |
| | 1001 Pennsylvania Ave NW |
| | Washington DC 20004 |
| | Phone: (202) 624-2500 |
| | Fax: (202) 628-5116 |
| | E-Mail Address: |
| | celgarten@crowell.com |
| | *Attorneys for United Educators Insurance* |

US2008 1070384.4