IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No: 1:08-CV-0854-UA-PTS

| | | |
|---|---|---|
| DUKE UNIVERSITY; DUKE UNIVERSITY HEALTH SYSTEM, INC., | ) ) ) | |
| Plaintiffs, | ) | **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO** |
| v. | ) ) | **MAGISTRATE JUDGE'S ORDER ON MOTION TO DISMISS OR STAY** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | **THIRD-PARTY COMPLAINT** |
| Defendant. | ) ) | |

Pursuant to Fed. R. Civ. P. 72(b), Plaintiffs Duke University and Duke University Health System, Inc. (collectively, "Duke") hereby submit the following Response to Defendant National Union Fire Insurance Company of Pittsburgh, Pa.'s Objections to the Magistrate Judge's Order and Recommendation of February 18, 2010.

Duke submits that dismissal of National Union's claims against United Educators Insurance is appropriate, for three reasons. First, National Union's third-party claims are all predicated on the terms of the United Educators Policy—a Policy which contains an agreement to submit "all disputes" to binding arbitration. Because National Union is seeking to obtain a benefit based upon the United Educators Policy, it is estopped from denying the impact of the arbitration agreement contained in that Policy. Second, National Union's claims for contribution and subrogation are entirely premature, in that National Union seeks to obtain contribution and subrogation from third-party insurer United Educators before the Court has made a threshold determination as to which National Union insurance policies apply to the underlying claims at issue. Third, because it would be prejudicial to both Duke and United Educators for the third-party claims against United Educators to be adjudicated in this forum, Duke maintains that dismissal of these third-party claims is appropriate

pursuant to Fed. R. Civ. P. 14. For those reasons, the Magistrate Judge's Order and Recommendation should be affirmed, and National Union's claims should be dismissed in favor of arbitration.

## FACTS

In November 2008, Duke filed a Complaint against its insurer, National Union. Dkt. 1. Duke's lawsuit arises out of claims for insurance coverage from National Union[1] based on various lawsuits and claims brought against it by individuals, parents, and the coach associated with the Duke 2005-2006 Men's Lacrosse Team (the "Underlying Actions"). *See generally id.*

On January 26, 2009, National Union answered the Complaint and filed a Third-Party Complaint against United Educators Insurance ("United Educators"). United Educators issued various insurance policies to Duke, including a general liability policy covering the period January 1, 2006 to January 1, 2007 which is the subject of National Union's third-party claims (hereinafter "the United Educators Policy"). *See* Dkt. 8 at 37-43.

National Union's Third-Party Complaint alleges claims against United Educators for contribution, equitable subrogation, and declaratory relief based upon the terms of the United Educators Policy. National Union argues that because the "other insurance" clause in the United Educators policy is inconsistent with the National Union policy, it is invalid and cannot be given effect. Dkt. 8 at 39. Based on this position, National Union's Third-Party Complaint seeks: i) contribution from United Educators based on "the applicable limits of the UE Policy"; ii) costs in subrogation "according to the liability limits of the UE Policy"; and iii) a declaration from the court that "the UE Policy is applicable with respect to certain of the Underlying Action[s]." *See* Dkt. 8 at 39-42.

---

[1] National Union issued two (2) policies to Duke: (1) a $5 million claims-made I&O policy covering the period 12/4/05 to 12/4/06; and (2) a $10 million claims-made I&O policy covering the period 12/4/06 to 12/4/07.

On March 3, 2009, United Educators filed a Motion to Dismiss the third-party claims National Union brought against it. *See* Dkts. 23, 24. Among other grounds, United Educators argued that the third-party claims must be dismissed because National Union's claims are subject to arbitration, based on the plain language of the arbitration agreement contained in the United Educators Policy.[2] United Educators also argued that it would be prejudicial to both Duke and United Educators for United Educators to remain a party to this action, such that a discretionary dismissal was appropriate pursuant to Fed. R. Civ. P. 14.

On January 25, 2010, Magistrate Judge P. Trevor Sharp conducted a hearing on United Educators Motion to Dismiss National Union's third-party claims. During the hearing, Duke and United Educators informed the Court that they had reached a resolution as to certain coverage disputes between them, including past attorneys' fees. Counsel for Duke represented, however, that the resolution of these issues had not fully resolved all matters between them. Specifically, Duke's counsel informed the Court that although "Duke and United Educators have reached an agreement with respect to defense costs. . . *if they are unable to reach a resolution as to other issues* they have both expressed their intent to seek whatever remedies are available to them through arbitration." *See* Transcript of Jan. 25, 2010 Hearing Before The Hon. P. Trevor Sharp at 26: 9-15 (copy annexed hereto as <u>Exhibit A</u>).

On February 4, 2010, Magistrate Judge Sharp issued an Order and Recommendation. Judge Sharp first concluded that the Federal Arbitration Act applies to this dispute.[3] *See* Dkt. 50 at 6.

---

[2] That provision provides that "[a]ll disputes that may arise between the Insureds and us in relation to this Policy or for its breach shall be finally settled by arbitration held according to the Commercial Arbitration Rules of the American Arbitration Association." *See* Dkt. 24-2 ¶ 18.

[3] The conclusion that the FAA applies has not been challenged by National Union in its objection. National Union has waived its right to a *de novo* review of that issue by this Court. *See Eastern Aviation Fuels, Inc. v. Torco Racing Fuels, Inc.*, No. 4:-076-cv-57-H, 2008 WL 4462010, at *1 (E.D.N.C. Sept. 30, 2008).

Judge Sharp then recognized that, under the FAA and various Fourth Circuit decisions applying it, "a non-signatory to an agreement containing an arbitration provision may be equitably estopped from avoiding arbitration of this dispute if he received a direct benefit from the agreement." *Id.* (citing Fourth Circuit cases).

Finding that National Union was seeking a "benefit" under the United Educators Policy—namely, contribution and subrogation from United Educators—the Court concluded that National Union would be estopped from denying the binding arbitration provision in that Policy. Judge Sharp recommended that the third-party claims be stayed in favor of arbitration. National Union has now raised a challenge to that determination.

## ARGUMENT

A.    <u>National Union Is Seeking a "Benefit" From the United Educators Policies.</u>

It is well-established under the FAA that a non-signatory to a contract containing an arbitration clause will be bound to arbitrate, and will be estopped from denying that obligation, "when it receives a direct benefit from the contract containing the arbitration clause." *American Bureau of Shipping v. Tencara Shipyard SPA*, 170 F.3d 349, 353 (2d Cir. 1999); *accord Am. Bankers Ins. Group, Inc. v. Long*, 453 F.3d 623, 628 (4th Cir. 2006) (stating that "estoppel can apply against a non-signatory [to an arbitration clause] who sues a signatory," if the underlying claims of the non-signatory seek a "direct benefit" under the contract containing the clause); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) ("A party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him."); *Riek v. Xplore-*

4

*Tech Services Private Ltd.*, No. 1:08-cv-117, 2009 WL 891914, at *4 (M.D.N.C. Mar. 31, 2009) (same).

As the Magistrate Judge observed in his Order, National Union's claims are all predicated on the United Educators Policy which contains the arbitration provision (including the question of whether the "other insurance" clause in the United Educators Policy should be given effect). Although National Union attempts to characterize its claims as only "tangentially involv[ing] the UE Policy," Dkt. 53 at 6, that description is belied by the substantive allegations of National Union's Third-Party Complaint. Specifically, National Union seeks to have United Educators pay *pro rata* contribution based upon "the applicable limits of the UE Policy." *See* Dkt. 8 at 39. Similarly, National Union alleges that United Educators should be required to pay National Union on a subrogation theory, again "according to the liability limits of the UE Policy." *Id.* In summary, National Union is seeking to obtain a "benefit" from the United Educators Policy.

In addition, from a substantive standpoint, each and every one of National Union's claims is predicated in whole or in part on the terms and policy limits of the United Educators Policy, which document contains an unambiguous arbitration agreement. As the Magistrate Judge properly found, National Union is "claiming a benefit under the contract." Dkt. 50 at 7. This is sufficient to require National Union to arbitrate under the FAA.

The fact that National Union's claims may also implicate the National Union Policy does not change this conclusion. As the Fourth Circuit held in *International Paper*—a case cited by the Magistrate Judge in its Order—where the contract containing an arbitration agreement provides "*part of* the factual foundation for every claim asserted," that is sufficient to bind a non-signatory to arbitrate. 206 F.3d at 418 (emphasis added). The United Educators Policy provides "part of the factual foundation" for each of National Union's third-party claims, even if the

National Union Policy is potentially implicated as well. *Id.* Because its claims hinge, in whole or in part, on the underlying terms of the United Educators Policy, National Union is estopped from denying the effect of the arbitration clause contained in that Policy.

National Union's Objection repeatedly emphasizes that it is not a party to, or an insured under, the United Educators Policy. *See, e.g.* Dkt. 53 at 5 (asserting that the arbitration provision is contained "in the insurance contract between Duke and UE"); *id.* at 6 (stating that National Union "is not a party to the UE Insurance contract"). That argument is irrelevant. Because the crux of the legal issue is whether and when a *non-signatory* to a contract will be bound to arbitrate, the party seeking to avoid arbitration will almost invariably not be a party to the contract containing the arbitration clause. As the Magistrate Judge correctly observed, "[t]he contract, of course, only mentions [Duke and United Educators] because they are the only parties to the contract." Dkt. 50 at 8. As noted, there is a substantial body of FAA case law recognizing that a party can be required to arbitrate *even if* it is a non-party to the arbitration agreement, provided it is seeking a benefit from the contract containing the arbitration clause. *See, e.g., Tencara*, 170 F.3d at 353 (compelling arbitration of claims brought by a non-signatory to an agreement, and holding that non-signatory was estopped from resisting arbitration where it sought a benefit under the contract). That rule applies here.

B.    <u>National Union Mistakenly Argues That There is No "Dispute" Between Duke and United Educators</u>

National Union also challenges the Magistrate Judge's Order by asserting that "Duke and UE . . . represented in open court that they have no dispute regarding coverage available to Duke." Dkt. 53 at 7. Not only is this description factually inaccurate, but is also irrelevant in ruling on the substantive arbitrability of National Union's claims.

At the January 25, 2010 hearing, counsel for Duke and United Educators expressly informed the Court that there remained outstanding issues between Duke and United Educators, even though certain issues had been resolved. Specifically, Duke's counsel stated: "Duke and United Educators have reached an agreement with respect to defense costs for the underlying cases and claims, and *if they are unable to reach a resolution as to other issues* they have both expressed their intent to seek whatever remedies are available to them through arbitration." *See* Transcript, <u>Exhibit A</u> at 26: 9-15 (emphasis added). Contrary to National Union's Objection, there was never a "concession" by Duke and United Educators at the hearing that no disputes remained between the two parties. *See* Dkt. 53 at 11. In fact, certain matters between Duke and United Educators have yet to be resolved.

Furthermore, National Union's argument as to the existence of a "dispute" between Duke and United Educators is not germane to the question before the Court, which is whether the substantive issues raised by National Union's claims fall within the scope of the arbitration agreement. That agreement broadly encompasses "all disputes" that may arise "in relation to this Policy," including any claims that National Union, Duke, or any other party might assert against United Educators predicated on the substantive terms of the United Educators Policy.

National Union's focus on the *parties* to the dispute—*i.e.* whether there is a present "dispute" between Duke and United Educators—is misplaced, since the proper inquiry under the FAA is whether the substantive issues raised by National Union's claims fall within the scope of the arbitration clause. In other words, the Court's inquiry under the FAA focuses on the *issues* involved, not the parties to the dispute. *See, e.g.*, 9 U.S.C. § 3 (when "any issue" is within the arbitration provision case should be stayed in favor of arbitration); *Schmitt v. SSC Statesville Brian Center Operating Co. LLC*, No. 3:07-CV-321, 2008 WL 1745870 (W.D.N.C. April 11, 2008) (court should stay arbitration "where the *issues presented* are subject to arbitration under

an agreement to arbitrate") (emphasis added). Because the claims raised by National Union against United Educators involve substantive issues "in relation to [the United Educators] Policy," they fall within the scope of the arbitration agreement and must be submitted to arbitration.[4]

C.     National Union's Claims For Contribution and Subrogation Are Premature.

National Union's third-party claims against United Educators for contribution and subrogation are also entirely premature. Essentially, National Union seeks to have the Court order United Educators to pay a *pro rata* share of defense costs to Duke, based on the "applicable limits of the UE Policy," Dkt. 8 at 39—all prior to a preliminary determination by the Court as to which National Union insurance policies apply to Duke's claims. Because this Court has not yet reviewed the substantive terms of the National Union policies and the extent to which they apply to Duke's underlying claims, National Union's attempts to obtain *pro rata* contribution and subrogation from third-party United Educators at this stage of the litigation are wholly premature. In short, National Union's claims are not yet ripe, and dismissal of those claims is appropriate.

D.     Duke and United Educators Are Prejudiced by National Union's Third Party Claims.

Finally, a stay of National Union's claims against United Educators is appropriate because it would be unduly prejudicial to Duke and United Educators for those third-party claims to be adjudicated in this forum. Federal courts retain discretion under Fed. R. Civ. P. 14 to dismiss or stay third-party claims when impleading a third-party in the action could cause prejudice to the original plaintiff or the third-party defendant. *See, e.g.*, *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003).

---

[4] Also misplaced is National Union's contention that there is no present arbitration between Duke and United Educators—since, under the plain terms of the Magistrate Judge's Order, National Union is free to commence arbitration against United Educators, if it so elects, and pursue its claims against United Educators in that forum.

In this case, if National Union's third-party claims against United Educators were allowed to move forward, Duke would inevitably be drawn into an ongoing dispute between its insurers and would incur significant resources in that dispute. For example, Duke would be forced to expend substantial resources participating in the exchange of discovery between its two insurers, National Union and United Educators, in this action. Yet if Duke wanted to pursue claims of its own against United Educators, it would be required to do so in binding arbitration, pursuant to the arbitration agreement in the United Educators Policy. Consequently, Duke would be forced to litigate issues concerning the United Educators Policy in two separate forums: an arbitration proceeding (as to any claims it might bring against United Educators), and, concomitantly, an action in this forum. This would result in two concurrent actions for Duke: the present action between Duke, National Union, and United Educators, and a separate arbitration proceeding between Duke and United Educators based upon the same United Educators Policy.

Moreover, Duke and United Educators expressly contracted to resolve any claims between them arising out of the United Educators Policy in arbitration. By instead permitting various substantive claims based on the United Educators Policy to proceed in this forum, there is a material risk that certain coverage issues will be addressed before this Court, rather than in an arbitration proceeding as the parties contractually agreed. Given the prejudice to Duke and United Educators that would ensue from such a scenario, it is appropriate to stay National Union's claims impleading United Educators—and to allow any such claims to be brought in an arbitration.

## CONCLUSION

For the foregoing reasons, Duke requests that the Court affirm and enter the Magistrate Judge's Order and Recommendation staying National Union's third-party claims against United Educators in favor of binding arbitration.

Respectfully submitted this the 4th day of March, 2010.

**KILPATRICK STOCKTON LLP**

/s/ Gregg E. McDougal
Gregg E. McDougal
N.C. State Bar No. 27290
gmcdougal@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
Phone (919) 420-1800
Fax (919) 420-1700

**JENNER & BLOCK LLP**
Jerold Oshinsky
joshinsky@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Phone (213) 239-5100

*Attorneys for Plaintiffs Duke University and Duke University Health System, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed with the Court using the CM/ECF system

which will automatically send notice to the following counsel of record:

**BAILEY & DIXON, LLP**
David S. Coats
dcoats@bdixon.com

John T. Crook
jcrook@bdixon.com

**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, AND JERNIGAN LLP**
James Kye Dorsett , III
jdorsett@smithlaw.com

Kirk Alan Parry, Jr.
aparry@smithlaw.com

And via first-class mail, postage prepaid, to the following non-CM/ECF participants:

**CROWELL & MORING, LLP**
Clifton S. Elgarten
Elaine Panagakos
Kathryn Underhill
Michael T. Carolan
1001 Pennsylvania Ave., N.W.
Washington, DC 20004

This 4th day of March, 2010.

/s/  Gregg E. McDougal

Gregg E. McDougal

KILPATRICK STOCKTON LLP
3737 GLENWOOD AVENUE
SUITE 400
RALEIGH, NC 27612

US2008 868563.1